310 So.2d 696 (1975)
Laried L. MALTER
v.
Henry C. McKINNEY and Dixie Auto Insurance Co.
No. 10180.
Court of Appeal of Louisiana, First Circuit.
March 10, 1975.
Lawrence W. Moon, Jr., New Orleans, for appellant.
John W. Anthony, Bogalusa, for appellees.
Before LANDRY, BLANCHE and YELVERTON, JJ.
*697 YELVERTON, Judge.
Plaintiff failed to appear in court either personally or through counsel when his case was called for trial on February 5, 1974. Acting pursuant to LSA-C.C.P. art. 1672, the trial judge rendered judgment dismissing plaintiff's action for his failure to appear on the date set for trial. The trial judge further exercised the discretion granted to him by that article and ordered that the dismissal be with prejudice. Plaintiff appealed. We affirm.
LSA-C.C.P. art. 1672 provides as follows:
"A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case the court shall determine whether the judgment of dismissal shall be with or without prejudice."
A motion for a new trial was filed on February 27, 1974. Although the motion came too late, the trial judge set it for hearing on March 25, 1974, and before he overruled it he heard testimony presented on behalf of both parties as to whether plaintiff's counsel received notice of the trial date. The trial judge concluded that plaintiff's counsel had, in fact, received notice.
One of the issues presented by this appeal is a review of this finding of fact. The record amply supports the trial court's finding that plaintiff's counsel had indeed received notice. The date of trial was set and notice of trial handed to counsel on July 16, 1973, at a pretrial conference conducted by the trial court. The conference was attended by counsel for plaintiff and counsel for defendant. The record reflects that the pretrial order setting the case for trial was signed by the trial judge on July 16, 1973, the date of the pretrial conference, and on that same date filed into the record. The deputy clerk of court testified that she was certain she had handed counsel for plaintiff his copy of the notice, because the copy of the notice which defendant's counsel had was not folded, indicating that it had been presented by hand, rather than mailed. The trial judge heard testimony on this issue, including the testimony of plaintiff's counsel, and after a review of the record, found as a matter of fact that the plaintiff's counsel did receive notice of the trial date at the pretrial conference.
There is no question that the plaintiff and his counsel failed to appear on the date set for trial. Under the mandatory provisions of LSA-C.C.P. art. 1672, the trial court properly dismissed plaintiff's action.
The other, and principal issue presented by this appeal is whether the dismissal with prejudice represented an abuse of discretion by the trial court.
Appellant argues that we should find from the record that there was an abuse of discretion by the trial court in dismissing the case with prejudice, but that at the very least, we should remand the case for a deeper exploration of the procedural facts and possible justifications for failure to appear at trial. As support of the argument in favor of a remand, appellant calls attention to Lewis v. New York Fire and Marine Underwriters, Inc., 233 So.2d 743 (La.App. 4th Cir. 1970). In that case the trial judge had dismissed with prejudice when plaintiff appeared on the day of trial, asked for a continuance, was refused, and then was unable to put on his case. On appeal, both sides argued procedural facts which were not in the record. The reviewing court was unable to determine from the record whether the case presented an abuse of discretion. It was remanded so that the trial judge could review the facts as a matter of record, and then take whatever action seemed proper with reference to dismissal and prejudice.
The procedural facts in the case before us, unlike Lewis, are well documented in the record. We have a sufficient understanding *698 of these facts to enable us to review the action of the trial judge. We do not find an abuse of discretion in his dismissal with prejudice.
The dragging chronology of procedural events suggests that more than its fair share of time was being consumed by this case on the docket. The accident was nearly a year old when the suit was filed. This is not so very uncommon. But then another year was taken for the plaintiff to answer written interrogatories. This is uncommon. Moreover, the answers were forthcoming only because of the prodding of a rule to show cause why the suit should not be dismissed for failure to answer. It was on motion of defendants, not plaintiff, that the case was set for pretrial conference, a move prerequisite to setting it for trial. Finally, defendants and their counsel and witnesses were present in court and ready to proceed on the date set for trial. Plaintiff was absent. These facts are matters of record.
The trial judge is much more familiar with the conditions and requirements of his trial docket than are we. We have no doubt that contribution to his decision to dismiss with prejudice were considerations respecting the condition of his docket, fairness not only to both these parties but also to other litigants in his court, and the needs of an orderly and prompt administration of justice.
Similar observations in the interest of the orderly administration of justice were made in Powell v. Giddens, 271 So.2d 596 (La.App. 1st Cir., 1972) where the trial judge refused to grant a continuance after considering all the circumstances of the case. The language therein concerning the duties of both court and counsel are particularly appropriate here:
"The trial courts are under a duty to schedule their trial work and dispose of same expeditiously to alleviate the continuous problem of crowded dockets. Trial counsel, as officers of the court, have corresponding duties of diligence, and to make a good-faith effort to assist the courts with the disposition of cases set for trial. When a trial counsel fails in this duty, through inexcusable neglect, he forfeits his day in court." 271 So.2d 596, 598 (La.App. 1st Cir. 1972).
In the instant case, when considering the effect that counsel's absence at trial had upon his docket, the orderly administration of justice, and the rights of these and other litigants before his court, the trial judge obviously felt that plaintiff's counsel had forfeited his day in court. We find no abuse of discretion under the facts.
For the reasons hereinabove assigned, the judgment of the trial court is affirmed, at the cost of plaintiff-appellant.
Affirmed.