COLE, Judge.
This is an appeal from a judgment of the trial court which dismissed, with prejudice, the suit for damages filed on behalf of the plaintiff-appellant, Donald R. Gilley, because of the failure of plaintiff to appear personally or through counsel on the day set for trial. The plaintiff appeals. We affirm.
The trial judge’s dismissal of plaintiff’s suit with prejudice was an exercise of the discretion granted by LSA-C.C.P. art. 1672, which provides:
“A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case the court shall determine whether the judgment of dismissal shall be with or without prejudice.”
The appellant complains that the dismissal of the suit by the trial court with prejudice was an abuse of the discretion granted it, because the court was notified by plaintiff’s counsel that the reason for counsel’s absence was beyond his control. However, the sequence of events surrounding the suit does not support this contention. To the contrary, the facts demonstrate inexcusable neglect on the part of plaintiff and plaintiff’s counsel to bring the suit to a reasonably expeditious disposition in the face of commendable patience and cooperation from the defendants.
A suit was filed by Myrtis R. Gilley on behalf of her minor son, Donald R. Gilley, against the defendant, J. Ray McDermott & Company, Inc., for damages arising from personal injuries allegedly sustained in an automobile accident which occurred on June 29, 1970, involving vehicles driven by Gilley and an employee of the defendant. The suit was filed on June 28, 1971, or one day before the cause of action was to prescribe.
On motions made by the defendants, the suit was set for hearing on September 13, 1972, and again on November 27, 1973. On each occasion, opposition was filed by the plaintiff. On March 31, 1976, again on motion by the defendants, an order was signed *1219 by the trial court setting a hearing on the merits for June 10, 1976. On June 9, 1976, counsel for plaintiff filed an amended petition substituting Donald R. Gilley as plaintiff because he had reached majority. This amendment in no way affected the merits of the case or the trial date.
On June 9, 1976, the day before the date set for trial, plaintiff’s counsel filed a motion for continuance because of the alleged absence from the state of a medical witness whose deposition had not been taken, supposedly because “of the inability to date, despite diligent effort, to schedule the depositions of the court medical experts required.” We note in this connection that the alleged accident had occurred almost six years earlier and the suit had been pending for almost five years. Also in the motion for continuance, plaintiff’s counsel alleged that the trial date would “impose a severe hardship upon counsel.” With reference to this assertion, we note that the order setting the trial date was signed on March 30, 1976, and notice was sent to counsel on March 81, 1976. However, the plaintiff’s motion for continuance was not filed until June 9,1976, or the day before the trial was set.
The motion for continuance was received and filed by Phillip Boudreaux, an employee of the Clerk of Court, on June 9, 1976. He testified that upon receiving the motion for continuance he consulted Judge C. Thomas Bienvenu, Jr. The judge asked that he call defendants’ counsel to determine if the motions would be opposed. Defendants’ counsel informed Boudreaux that the defendants refused to agree to the continuance. Upon learning of defendants’ opposition to the motion for continuance, the judge instructed Boudreaux to call plaintiff’s counsel. On June 9, 1976, Boudreaux called counsel’s office and talked with his secretary and told her that the motion was being opposed and would be heard contradictorily on June 10, 1976, at 10:00 A. M. In the event that said motion was denied, he informed her that the plaintiff should be ready for trial.
Defense counsel testified that he spoke with plaintiff’s counsel on June 3, 1976, and at that time expressed his opposition to a continuance of the trial date. On June 9, 1976, plaintiff’s attorney returned a phone call made earlier that day by defendants’ counsel. Again the matter of the trial was discussed and plaintiff’s counsel was advised that the motion for continuance would be opposed.
At approximately 8:45 A. M. on June 10, 1976, Shirley Breaux, an employee of the office of the Clerk of Court received a call from plaintiff’s counsel stating that his car had broken down on the way to court and that he would not be able to appear. She explained that she woull relay the message to the judge, but she also strongly suggested that he call the judg; himself and gave him the appropriate telephone number. Both the judge’s secretai and bailiff testified that no call was e :r received from plaintiff’s attorney and mat if such a call had been made, either one of them would have been aware of it.
The attorney for the defendant appeared in court at 10:00 A. M. on June 10, 1976, and the case was called for trial. When it became apparent that neither the plaintiff, his attorney, nor any witnesses for the plaintiff were going to appear, the judge instructed defense counsel to attempt to contact plaintiff’s counsel by telephone. The defendants’ attorney and the judge called and talked to the secretary of the plaintiff’s counsel who was unaware of counsel’s whereabouts. She informed the judge and defendants’ counsel that the file relating to the suit was still in the office.
In denying the motion for continuance, the trial judge correctly noted that LSA-C. C.P. art. 1602 relating to peremptory grounds for continuance requires a showing of the grounds for applying for continuance. The judge also noted that under LSA-C.C.P. art. 1604 when a party seeks a continuance on account of the absence of a material witness, the adverse party may require him to disclose on oath the facts he intends to prove by the witness; if the adverse party admits that if the witness were present he would testify as stated in *1220 the affidavit, the court shall proceed with the trial of the case.
The trial judge further explained that every contested motion for continuance should be tried summarily and contradictorily with the opposing party. LSA-C.C.P. art. 1605. As noted by the judge, the opposing party was present in court on the day set for the hearing on the motion.
As to the question of the plaintiff’s assertion that he had used diligence in attempting to schedule the depositions, defense counsel testified that the matter had been pending for six years and that at the pretrial conference on April 23,1976, plaintiff’s attorney was instructed to depose all of his medical witnesses. By agreement, the plaintiff was given until approximately May 22, 1976, to do so. At the time of the trial, defense counsel stated that he had not been contacted with reference to scheduling any of the depositions.
Plaintiff also alleged in the motion for continuance that the parties were at a point of serious negotiations, looking toward settlement. Counsel for defendant testified that he had never received a settlement demand from plaintiff’s counsel since the time that the matter was set for trial.
After the motion for continuance was denied by the trial court, the court considered the defendants’ motion to dismiss. In granting the motion to dismiss, the trial judge expressed his reluctance to grant a dismissal with prejudice “feeling that all litigants, all citizens, should have a right to their day in Court.” However, the trial judge granted the dismissal with prejudice saying:
“In view of the testimony that we have heard today; in view of the Court’s own efforts to try and contact counsel for plaintiff; in view of the late filing of the motion for a continuance; in view of the fact that there [have] been no subpoenaes for the attendance of witnesses even requested by the plaintiff; in view of the fact that the only people in this courtroom now are the court personnel, counsel for defendant, the one witness that defendant subpoenaed and that witness’ wife and no one else; indicates to the Court that plaintiff is just not seriously interested in trying this case. The Court has been, I think, more than reasonable in waiting for the appearance of plaintiff and plaintiff’s counsel after instructing counsel to be here, and noting that the time is approximately twelve twenty-seven p. m. and that this case was fixed for trial at ten o’clock in the morning, the Court will, in the exercise of discretion, grant the motion of defendants to dismiss this matter with prejudice, and I will sign the order accordingly.”
We find that the dismissal of the suit with prejudice and the denial of a motion for a new trial are well within the discretion accorded the trial court. LSA-C.C.P. arts. 1672, 1971. See Malter v. McKinney, 310 So.2d 696 (La.App. 1st Cir. 1975); Powell v. Giddens, 271 So.2d 596 (La.App. 1st Cir. 1972).
Therefore, for the reasons hereinabove expressed, the judgment of the trial court is affirmed. The costs of the proceedings are assessed to the appellants.
AFFIRMED.