LANDRY, Judge.
Plaintiff, Hector Martin (Appellant), appeals from judgment dismissing his workmen’s compensation suit against defendants (Appellees), with prejudice for failing to appear at trial, pursuant to La. C.C.P. Article 1672. Appellant contends that the trial judge abused his discretion in dismissing the action with prejudice and also erred in refusing to grant a new trial. We affirm on finding no abuse of the trial court’s discretion in such matters.
Appellant filed suit for compensation benefits on October 21, 1975, predicated on an alleged employment related injury occurring on November 27, 1973. Trial was set for December 2, 1976. Notice of trial date was received by Appellant’s attorney of record on September 28, 1976.
About 10 days before trial, Appellant’s attorney of record, Kenneth P. Mayers, verbally informed Appellant that Mayers was withdrawing as Appellant’s counsel. He reminded Appellant of the assigned trial date and urged Appellant to seek other representation. He also requested that Appellant return the next day and pick up his file. The day following this notification, Mayers, on November 23, 1976, filed a formal motion to withdraw as counsel, which motion was signed by the trial judge on November 29,1976. The trial judge, however, declined to delay the scheduled trial. On November 29, 1976, Mr. Mayers wrote Appellant a letter advising that Mayers would not be present for the trial on December 2, 1976. This letter was received by Appellant who can neither read nor write. The letter was read to Appellant by his daughter who testified that she believed that Appellant understood its import.
*501 On December 1, 1976, Appellant contacted Jack M. Pruge, Jr., Attorney-at-law, in the attorney’s office on two occasions, for consultations that lasted a total of about 2 hours. Mr. Fruge contacted Mr. Mayers by telephone and after discussing the matter with Mayers, Pruge declined to represent Appellant because Fruge could not be present for trial the next day. Mr. Pruge so informed Appellant and urged Appellant to be present for trial the next day in order to preserve Appellant’s cause. On at least one of these visits to Pruge’s office, Appellant was accompanied by his daughter who testified that she was sure that her father understood that he had to either settle his claim or appear in court the following day. Appellant did not appear. Neither did he contact the trial judge. Appellant’s suit was dismissed with prejudice and upon receipt of notice of dismissal Appellant retained counsel who applied for a new trial.
It is well settled that a trial judge is vested with wide discretion in acting upon a motion for continuance and his ruling in such regard will not be disturbed on appeal except on a showing of a clear abuse of discretion. Sauce v. Bussell, 298 So.2d 832 (La.1974).
La. C.C.P. Article 1672 allows a trial judge discretion to dismiss an action with or without prejudice analagous to the discretion permitted in acting upon a motion for continuance. In both instances, the trial judge’s knowledge of “the condition of his docket, fairness not only to both parties but also to other litigants in his court, and the need for an orderly and prompt administration of justice” provides him with superior ability to determine the terms of the dismissal. Malter v. McKinney, 310 So.2d 696, 698 (La.App. 1st Cir. 1975).
We find no abuse of the trial court’s discretion in dismissing Appellant’s action with prejudice. Consequently, we find no error in the refusal to grant a new trial.
The judgment is affirmed at Appellant’s cost.
Affirmed.