STOKER, Judge.
Plaintiffs, Lumey Thomas and Mary C. Thomas, appeal from a judgment dismissing their tort action against defendants with prejudice for failure to appear at trial, pursuant to LSA-C.C.P. art. 1672. Plaintiffs contend that the trial judge erred in dismissing the action with prejudice.
LSA-C.C.P. art. 1672 provides:
A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case the court shall determine whether the judgment of dismissal shall be with or without prejudice.
It is clear from the record that neither plaintiffs nor counsel representing them appeared on the date set for trial. Under the mandatory provisions of LSA-C.C.P. art. 1672, the trial court properly dismissed the plaintiffs’ action. However, LSA-C.C.P. art. 1672 grants the trial judge discretion to dismiss the action with or without prejudice.
Plaintiffs’ first contention is that the trial judge abused his discretion in dismissing the suit with prejudice because plaintiffs did not receive notice of the trial date.. This contention is contrary to the record because the sheriff’s return entered into the record clearly reveals that plaintiffs received personal service of notice on the trial date.
Secondly, plaintiffs contend that because of the particular facts of the case, the trial judge abused his discretion in dismissing the case with prejudice.
The record reveals that plaintiffs filed suit on January 6, 1977. Lumey Thomas appeared individually and on behalf of his minor son to recover damages for personal injury sustained on January 13,1976, by his minor child, Brent Chadwick Thomas, as a result of the alleged negligence of defend *109 ants. Mary C. Thomas sought damages on her own behalf as mother of the minor. Trial was set for June 20, 1978. On the date of the trial, plaintiffs failed to appear, and the trial was continued on the court’s own motion to April 17, 1979. On April 10, 1979, plaintiffs’ counsel, Michael Bonnette, withdrew as counsel of record and moved for a continuance of the trial. The trial date was continued to July 10, 1979.
On April 19, 1979, a formal notice, in letter form, was prepared by the Clerk of Court of Natchitoches Parish, through a deputy clerk, addressed to Mr. and Mrs. Lumey Thomas, 1441 Texas Street, Natchi-toches', Louisiana, which gave plaintiffs notice of the fixing of the trial for July 10,11, and 12,1979, at 10:00 A.M. in the courtroom of the Natchitoches Parish Court House in Natchitoches, Louisiana. The letter was served on plaintiffs through the Sheriff of Natchitoches Parish on that same date (April 19, 1979). The sheriff’s return in the record shows personal service on Lumey Thomas. Although plaintiffs were without counsel at this point, they had notice of the trial date.
On July 10, 1979, plaintiffs failed to appear before the court despite the notice personally served on them by a Deputy Sheriff of Natchitoches Parish. Defendants appeared before the court, announcing that they were ready to proceed to trial. The trial judge dismissed plaintiffs’ suit with prejudice.
In Martin v. The South Coast Corporation, et al., 356 So.2d 500 (La.App. 1st Cir., 1977), the court stated:
La.C.C.P. Article 1672 allows a trial judge discretion to dismiss an action with or without prejudice analogous to the discretion permitted in acting upon a motion for continuance. In both instances, the trial judge’s knowledge of “the condition of his docket fairness not only to both parties but also to other litigants in his court, and the need for an orderly and prompt administration of justice” provides him with superior ability to determine the terms of the dismissal. Malter v. McKinney, 310 So.2d 696, 698 (La.App. 1st Cir., 1975).
In the present case, the trial date had been continued twice prior to plaintiffs’ failure to appear at trial on July 10, 1979. The trial judge’s knowledge of the condition of his docket, considered against the need for an orderly and prompt administration of justice, placed him in a unique position to determine whether the dismissal should be with or without prejudice. An examination of the record does not reveal that the trial judge abused his discretion in dismissing plaintiffs’ suit with prejudice.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.