JACHARLES R. JONES, Judge.
The Appellant, Kelvin E. Brooks (hereinafter “Mr. Brooks”), seeks a devolutive appeal from a judgment of the Office of Worker’s Compensation (hereinafter “OWC”) dismissing his claim with prejudice. This cause of action arises out of a claim for compensation benefits resulting from injuries sustained by Mr. Brooks during his employment. We reverse and remand.
Facts/Procedural History
On January 14, 2002, Mr. Brooks was installing a light fixture while standing on an eight-foot ladder, and was struck by 277 volts of electricity causing him to fall backwards, injuring himself. At the time of this accident, Mr. Brooks was employed as an electrician with Tradesmen International, Inc. (hereinafter “Tradesmen”). Mr. Brooks’ alleged that he suffered permanent injuries consisting of lower back pain, neck pain, blurred vision, and headaches.
Subsequent to the accident, Mr. Brooks was treated by three physicians: Dr. Robert A. Steiner, the doctor hired by Tradesmen and who discharged Mr. Brooks on April 26, 2002 to return to regular duty at *446 work because he was of the opinion that the fall did not disable Mr. Brooks; Dr. John J. Watermeier, who treated Mr. Brooks for 11 months and was of the opinion that the January 14, 2002 accident 12caused Mr. Brooks to be disabled and to suffer from lumbar and cervical disc syndrome; and Dr. William R. Knight who was also of the opinion that Mr. Brooks suffered from cervical and lumber strains as a result of his fall.
On or about May 15, 2002, Mr. Brooks filed a claim for disputed compensation against Tradesman. Although trial was set for January 30, 2003, Tradesmen moved to continue the trial date because Mr. Brooks had not responded to discovery requests. The OWC granted the Motion to Continue and re-set trial for May 30, 2003, sending notices to Mr. Brook’s attorney as well as a copy to Mr. Brooks. Mr. Brooks dismissed his attorney around the first of February, and remained unrepresented by counsel until the date of trial. On May 30, 2003, Tradesmen appeared for trial as scheduled, however, Mr. Brooks did not appear. The OWC instructed Tradesmen to contact Mr. Brooks and determine whether he intended to proceed with trial. The person answering the phone at Mr. Brooks’ residence stated that Mr. Brooks was not home and that she did not know where he was. Mr. Brook’s claim was dismissed with prejudice for his failure to appear at trial. The OWC’s dismissal of Mr. Brooks’ claim with prejudice is the subject of the appeal now before this Court.
Discussion
Mr. Brooks, a pro se litigant, maintains that the OWC erred and abused its discretion in dismissing his case with prejudice. We find merit in this argument.
[sIt is well established that a plaintiff who fails to appear on the date set for trial may have the claim dismissed with prejudice upon the defendant’s motion for an involuntary dismissal. Matter v. McKinney, 310 So.2d 696, 698 (La.App.1st Cir. 1975).
LSA-C.C.P. art. 1672(A), states:
A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the court shall determine whether the judgment of dismissal shall be with or without prejudice.
In deciding whether the dismissal is with or without prejudice pursuant to LSA-C.C.P. Art. 1672(A), a trial court is afforded great discretion, as the trial judge is more familiar with the conditions and requirements of their trial docket. McKinney, 310 So.2d 696, 698 (La.App. 1st Cir. 1975). Therefore, a trial court’s decision to dismiss a case with or without prejudice is reviewed on appeal pursuant to an abuse of discretion and manifest error standard. Id. However, in cases of workers’ compensation, rules of procedure are to be liberally construed. Piper v. Dillard’s Dept. Store, 621 So.2d 865 (La.App. 4th Cir. 1993).
In Archer v. Tudor Construction Company, the Third Circuit affirmed the court’s dismissal with prejudice of a workers compensation claim when the plaintiff failed to appear on the day set for trial. 94-850 (La.App.3 Cir. 2/15/95) 649 So.2d 1251. On appeal, the plaintiff argued that the hearing officer erred by dismissing his claim with prejudice because the defense counsel was supposed to enter a joint motion for a continuance on his behalf. However, the evidence proffered by the plaintiff was not made a part of the record, and the court was precluded from considering the motion on appeal. Therefore, the court opined that Rafter a careful review of *447 the record, it could find nothing to excuse the plaintiffs absence from trial.
In Christopher J. Smith v. Ascension Enterprises, Inc., the Third Circuit amended the judgment of the OWC dismissing the workers’ compensation claim with prejudice. 2000-360 (La.App. 3 Cir. 11/2/00) 776 So.2d 534. In Smith, the claimant filed a disputed claim for compensation against his employer, which was dismissed for his failure to appear at trial. The claimant argued on appeal that the judge erred in dismissing his case with prejudice, because although he and his attorney were late, they did in fact appear at trial. He further asserted that his attorney attempted to contact the court to inform it of his tardiness, however his message was not conveyed to the judge. The court found that the claimant did not intend to abandon his claim because he attempted to inform the court of his tardiness, and also moved for a continuance prior to trial. Thus, the court held that a dismissal without prejudice was proper.
The rulings of the Third Circuit imply that a dismissal with prejudice is proper where the record reflects an intent to abandon the case or there is no reasonable explanation for the claimant’s failure to appear. However, we find that this is to onerous a burden to apply to a pro se litigant seeking workers’ compensation benefits. In the case at bar, the record reflects that the initial trial date was set for January 30, 2003, and upon a motion to continue by Tradesmen, the OWC reset the trial for May 30, 2003. At the beginning of February, shortly after the motion to continue was granted, Mr. Brooks terminated his attorney and remained without counsel until the date of the new trial.
Although the record reflects that the court sent notices to both Mr. Brooks and his former attorney, Mr. Brooks claims that he was unaware of the new trial | sdate. It is the opinion of this court that as a pro se litigant who lacks formal training in the law and its rules of procedure, Mr. Brooks should be allotted more latitude than those plaintiffs represented by counsel. As a dismissal with prejudice denies Mr. Brooks the opportunity to have his day in court, we find that under these circumstances, the dismissal in this case should have been without prejudice.

DECREE

For the foregoing reasons, the judgment of the Office of Worker’s Compensation dismissing the case of Kelvin E. Brooks with prejudice, is hereby amended, and the dismissal of Kelvin E. Brooks worker’s compensation is without prejudice.

AMENDED AND REMANDED.