liBAGNERIS, J.
Dissents with Reasons.
I respectfully dissent from the majority’s opinion for the following reasons;
This is an appeal from a dismissal of Mr. Brooks’ Workers Compensation claim as a result of his failure to appear at the trial on the merits.

FACTS

The record contains the following facts. Kelvin E. Brooks, appellant, injured his back on January 14, 2002 allegedly while working as an Electrician for Tradesmen International, Inc. in Jefferson, Louisiana. Mr. Brooks contends that he was shocked by a high voltage and fell eight feet to the ground off of a ladder. Mr. Brooks contends he sustained permanent injuries to his back and neck.
Mr. Brooks filed a claim for disputed compensation against his employer, Tradesmen International, Inc. in the Office Of Worker’s Compensation on May 15, 2002. Trial was set for January 30, 2003. *448 On January 8, 2003, Tradesmen International, Inc. filed a Motion to continue the trial set for January 30, 2003. The trial court granted the motion for continuance and re-set trial to May 30, 2003. The trial court sent notices to Mr. Brooks’ Attorney of record as well as a copy to Mr. Brooks of the new trial date.
| ^DISCUSSION
The sole issue is whether the Office of Worker’s Compensation abused its discretion by dismissing Brooks’ case with prejudice pursuant to LSA-C.C.P. art. 1672(A). We affirm
Involuntary dismissal of a plaintiffs case for failure to appear on the day set for trial is governed by LSA-C.C.P. art. 1672(a), which states:
A. A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the court shall determine whether the judgment of dismissal shall be with or without prejudice.
The express language of the article allows the court to decide whether the dismissal is with or without prejudice. In deciding whether to dismiss with or without prejudice pursuant to LSA-C.C.P. art. 1672(a), a trial court is afforded great discretion. As recognized by the First Circuit in Matter v. McKinney, 310 So.2d 696, 698 (La.App. 1st cir.1975):
The trial judge is much more familiar with the conditions and requirements of his trial docket than are we. I have no doubt that contribution to her decision to dismiss with prejudice were considerations respecting the condition of her docket, fairness not only to both these parties but also to other litigants in her court, and the needs of an orderly and prompt administration of justice.
“A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the court shall determine whether the judgment of dismissal shall be with or without prejudice.” LSA-C.C.P. art. 1672(A).
| oThe trial court therefore did not abuse its discretion in granting defendants’ motion to dismiss Mr. Brooks’ claim when he failed to appear at the trial. Moreover, dismissal for plaintiffs failure to appear to prosecute a claim properly results in dismissal with prejudice. Keyes v. Johnson, 542 So.2d 209, 210 (La.App. 3rd Cir.), writ denied, 546 So.2d 1215 (La.1989); Thomas v. State, 383 So.2d 108, 108-09 (La.App. 3rd Cir.1980). As a result of the trial court’s superior knowledge of the condition of its docket, fairness to the parties and other litigants, and the need for orderly and prompt administration of justice, appellate courts will reverse a trial court’s determination of the terms of dismissal only for clear abuse of the court’s discretion. Keyes, supra. Given Mr. Brooks’ unjustified failure to attend the trial on his claim and the need for the orderly and prompt administration of justice, I cannot find that the trial court abused its discretion in dismissing Mr. Brooks’ claim with prejudice.
I recognize that pro se plaintiffs should be allotted more latitude than plaintiffs represented by counsel because they lack formal training in the law and its frequently arcane or counterintuitive rules of procedure. Mr. Brooks’ error can not be said to be attributable to his lack of education, however; he simply failed to appear at a legal proceeding of which he had notice and that any reasonable person would have realized was necessary to attend. Therefore, it would be improper to excuse his behavior on account of his comparative *449 ignorance of the law, the cost of this litigation to the defendants and the judicial resources that have been consumed in its adjudication.
I have carefully reviewed the record and have found nothing in it to excuse plaintiffs absence from trial, which exposed him to a dismissal with prejudice. By the same token, I have not found anything in the record that would not support the | ¿hearing officer’s wide discretion to dismiss plaintiffs suit with prejudice. As stated in Matter v. McKinney, supra, the hearing officer is best familiar with her trial docket. She knows the conditions and requirements of her docket, the need for promptness and fairness to other litigants in her court, and the need for an orderly and prompt administration of justice. I recognize that a dismissal with prejudice is a harsh remedy, but a failure to appear for trial begs for reproach.
The trial court’s decision to dismiss a case with or without prejudice is reviewed on appeal pursuant to an abuse of discretion and manifest error standard. Horton v. McCary, 93-2315 (La.4/11/94), 635 So.2d 199; Sauce v. Bussell, 298 So.2d 832 (La.1974). Accordingly, after reviewing the facts properly before us in the record, I find that the hearing officer committed no abuse of discretion by dismissing the plaintiffs case with prejudice.
Accordingly, I would affirm the judgment of the worker’s compensation judge.