STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

DOCKET NUMBER
2022 CA 0131

DYLAN HUGHES

VERSUS

COURTNEY HARVEY

Judgment Rendered: __OCT 1 9 2022__


* * * * *

ON APPEAL FROM THE
19TH JUDICIAL DISTRICT COURT, SECTION 24
EAST BATON ROUGE PARISH, LOUISIANA
DOCKET NUMBER 705,883

HONORABLE DONALD R. JOHNSON, JUDGE PRESIDING

* * * * *

Maynard K. Batiste, Sr.                     Attorney for Plaintiff-Appellant
Baton Rouge, Louisiana                      Dylan Hughes


Ty Marchand                                 Attorney for Defendant-Appellee
Baton Rouge, Louisiana                      Courtney Harvey



BEFORE:  McDONALD, McCLENDON, and HOLDRIDGE, JJ.

Holdridge, J. (Concurs) reasons

**McDONALD, J.**

A plaintiff in a tort suit appeals a judgment dismissing his suit as prescribed. He claims the trial court erred in granting the defendant's peremptory exception pleading the objection of prescription[1] and dismissing plaintiff's suit when, at the time the court heard the prescription exception, plaintiff had a pending motion to continue that hearing, and the trial court had not yet acted upon that motion. After review, we reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 19, 2021, Dylan Hughes filed a tort suit against Courtney Harvey, alleging that, on February 16, 2020, Ms. Harvey trespassed on Mr. Hughes' property, damaged his truck, and assaulted, battered, and intentionally inflicted emotional distress upon him. Ms. Harvey responded with a prescription exception, answer, and reconventional demand against Mr. Hughes. Ms. Harvey generally denied Mr. Hughes' allegations, and claimed his suit was prescribed, because he filed it more than one year after the date of the alleged incident. Ms. Harvey reconvened for damages she claimed Mr. Hughes allegedly caused when, on February 26, 2020, he damaged her vehicle, and assaulted and battered, and inflicted emotional distress upon her.

The trial court initially scheduled Ms. Harvey's prescription exception for hearing on August 23, 2021, but continued the hearing to September 7, 2021, on Ms. Harvey's motion. Thereafter, on August 25, 2021, Mr. Hughes filed a motion to continue the September 7th hearing, contending his attorney had a scheduling conflict with court appearances in another parish. However, the trial court held the hearing on September 7, 2021, at which Ms. Harvey and her attorney, Ty Marchand, were present, but at which Mr. Hughes and his attorney, Maynard Batiste, Sr., were not. Mr. Marchand informed the court that he had not received Mr. Batiste's motion to continue,[2] he had first learned of the motion from the trial court's staff, he opposed the continuance, and that Mr. Batiste later told him that he would not be present at

---

[1] Louisiana Code of Civil Procedure article 922 recognizes only three exceptions: the declinatory exception, the dilatory exception, and the peremptory exception. See La. C.C.P. art. 925, 926, 927. In this case, the defendant filed a peremptory exception pleading the objection of prescription is at issue. See La. C.C.P. art. 927. Herein, for brevity, we refer to that exception as a "prescription exception."

[2] A certificate of service is attached to the motion for continuance wherein Mr. Batiste certified that he had served Mr. Marchand with a copy of the motion by email and by mail. At the September 7th hearing, Mr. Marchand informed the trial court that he received Mr. Batiste's email on August 24, 2021, but was unable to open the attachment.

the September 7th hearing. Mr. Marchand also stated that he was ready to move forward with the hearing.

The trial court then asked his "juridical assistant," Jawhay King, to make a statement regarding the matter. Mr. King explained that, days before the September 7th hearing, he contacted Mr. Marchand regarding the motion to continue, Mr. Marchand opposed the continuance, and Mr. King then unsuccessfully tried to call Mr. Batiste several times to inform him of Mr. Marchand's opposition. Mr. King stated that he finally was able to reach Mr. Batiste on the morning of September 7th, and Mr. Batiste told him that "he had a lot of things going on today in other sections of court." Mr. King also informed the trial court that Mr. Batiste's pending motion to continue was still in the court's file and was not yet decided. The trial court then gave Mr. Marchand an opportunity to respond, and Mr. Marchand repeated that he opposed the continuance and was ready to move forward. The trial court then instructed Mr. Marchand to proceed, and Mr. Marchand argued that Mr. Hughes' petition was prescribed on its face. The trial court then granted Ms. Harvey's prescription exception in open court, and on October 8, 2021, signed a judgment granting the exception and dismissing Mr. Hughes' petition with prejudice.

Mr. Hughes appeals from the adverse judgment contending the trial court erred by denying his motion to continue and dismissing his suit as prescribed.

## DISCUSSION

The trial court may grant a continuance on peremptory or discretionary grounds. La. C.C.P. arts. 1601 and 1602. There are only two peremptory grounds: (1) the party seeking the continuance, despite due diligence, has been unable to obtain material evidence; or, (2) a material witness is absent without the contrivance of the party seeking the continuance. La. C.C.P. art. 1602. Absent peremptory grounds, a continuance rests within the sound discretion of the trial court, which may grant a continuance "if there is good ground therefor."[3] La. C.C.P. art. 1601. An appellate court should not disturb the trial court's grant or denial of a continuance under La. C.C.P. art. 1601 absent a clear abuse of discretion. *City of Bogalusa v. Moses,* 20-0165 (La. App. 1 Cir. 4/16/21), 323 So.3d 404, 407. However, whether based

---

[3] An attorney's scheduling conflict presents a discretionary ground for seeking a continuance. *Powell v. Giddens,* 271 So.2d 596, 597 (La. App. 1 Cir. 1972); *also see Coffman v. Mainhardt,* 602 So.2d 264, 267 (La. App. 2 Cir. 1992). *Generally, see, Annotation, Right to Continuance Because Counsel is in Attendance at Another Court,* 112 A.L.R. 593 (originally published in 1938).

3

on peremptory or discretionary grounds, a *contested* motion for continuance must be tried summarily and contradictorily with the opponent, as such is required by La. C.C.P. art. 1605.[4] *Landry v. Landry,* 21-0337 (La. App. 1 Cir. 10/8/21), 331 So.3d 351, 356, *writ denied,* 22-00044 (La. 3/2/22), 333 So.3d 835; *Bradford v. J. Ray McDermott & Co., Inc.,* 347 So.2d 1218, 1220 (La. App. 1 Cir.), *writ denied,* 351 So.2d 155 (La. 1977). *Compare Anderson v. Laborde Construction Industries, L.L.C.,* 19-1469 (La. App. 1 Cir. 12/30/20), 2020 WL 7770235, *3, and *James v. Our Lady of Lourdes, Inc.,* 18-368 (La. App. 3 Cir. 12/12/18), 261 So.3d 921, 924 (finding La. C.C.P. art. 1605's mandatory hearing requirement does not apply if the motion to continue is *uncontested*). A trial court's failure to hold a statutorily-required contradictory hearing constitutes legal error. *In re Elloie,* 05-1499 (La. 1/19/06), 921 So.2d 882, 899.

Here, the record clearly shows that Mr. Marchand contested Mr. Batiste's motion to continue the September 7th hearing. And, without having received a ruling on his pending motion, Mr. Batiste unilaterally and imprudently decided he would not appear at the September 7th hearing – his poor communication skills and unsubstantiated conflict do not excuse his absence. But, we are constrained by the mandatory terms of La. C.C.P. art. 1605 and must conclude that the trial court legally erred in proceeding with the September 7th hearing without trying Mr. Batiste's motion to continue contradictorily – that is, a hearing at which both sides had the opportunity to present argument and evidence regarding the motion.[5] *See Clark v. City of Hammond,* 00-0673 (La. App. 1 Cir. 8/10/00), 767 So.2d 882, 883 (noting the requirements of a contradictory hearing). We, therefore, reverse the judgment granting the prescription exception and remand this matter to the trial court for further proceedings.

## CONCLUSION

For the foregoing reasons, we reverse the October 8, 2021 judgment granting Courtney Harvey's prescription exception and dismissing Dylan Hughes' petition with prejudice. We remand this matter for further proceedings. We assess costs of the appeal one-half to each party.

**REVERSED AND REMANDED.**

---

[4] Louisiana Code of Civil Procedure article 1605 provides, "Every contested motion for a continuance shall be tried summarily and contradictorily with the opposite party."

[5] Although not every "contradictory hearing" requires the presentation of both argument *and* evidence, *see Johnson v. Johnson,* 18-0119 (La. App. 1 Cir. 2/6/18), 2018 WL 740725 (unpublished writ action), the Louisiana Code of Civil Procedure articles governing motions to continue envision the presentation of evidence in some circumstances. *See, e.g.,* La. C.C.P. art. 1604.

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2022 CA 0131

DYLAN HUGHES

VERSUS

COURTNEY HARVEY



**Holdridge, J., concurring.**

I respectfully concur. Louisiana Code of Civil Procedure article 922 recognizes only three exceptions: the declinatory exception, the dilatory exception, and the peremptory exception. Louisiana Code of Civil Procedure articles 925, 926, and 927 provide non-inclusive lists of objections that may be raised by the three exceptions. In this case, the appellant appeals a judgment that granted a peremptory exception raising the objection of prescription. For brevity, the majority opinion refers to the objection of prescription as an exception of prescription. While often misused by all courts, there is no exception of prescription. See La. C.C.P. arts. 922, 927. This objection may be raised through a peremptory exception in accordance with La. C.C.P. art. 927.