| | | |
|---|---|---|
| **DANILO AUGUSTO FELICIANO** | * | **NO. 2025-CA-0335** |
| | * | |
| **VERSUS** | | **COURT OF APPEAL** |
| | * | |
| **SUSAN HUTSON, IN HER OFFICIAL CAPACITY AS ORLEANS PARISH SHERIFF AND NANCY RUTH LANDRY, IN HER OFFICIAL CAPACITY AS LOUISIANA SECRETARY OF STATE** | * | **FOURTH CIRCUIT** |
| | * | **STATE OF LOUISIANA** |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2025-05223, DIVISION "I-5"
Honorable Lori Jupiter
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Chief Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge Karen K. Herman, Judge Nakisha Ervin-Knott)

**LOBRANO, J., DISSENTS AND ASSIGNS REASONS**

Danilo Augusto Feliciano
400 Burgundy Street
New Orleans, LA 70112

      PRO SE PLAINTIFF/APPELLANT

Tracey J. Comeaux
ORLEANS PARISH SHERIFF'S OFFICE
2800 Perdido Street
New Orleans, LA 70119

      COUNSEL FOR DEFENDANT/APPELLEE, SUSAN HUTSON, IN HER
      OFFICIAL CAPACITY AS ORLEANS PARISH SHERIFF

Celia R. Cangelosi
7914 Wrenwood Blvd., Suite D
Baton Rouge, LA 70809

Caroline M. Tomeny
SHOWS, CALI & WALSH, LLP
628 St. Louis Street
Baton Rouge, LA 70802

COUNSEL FOR DEFENDANT/APPELLEE, NANCY LANDRY, IN HER
OFFICIAL CAPACITY AS LOUISIANA SECRETARY OF STATE

Madro Bandaries
MADRO BANDARIES, PLC
1127 2nd Street
New Orleans, LA 70130

COUNSEL FOR INTERVENOR/APPELLEE, DARREN LOMBARD, IN
HIS OFFICIAL CAPACITY AS CLERK OF CRIMINAL DISTRICT
COURT AND CHIEF ELECTIONS OFFICER

**REVERSED AND REMANDED**
**JUNE 4, 2025**
**AT 6:10 P.M.**

*DLD*
*RLB*
*KKH*
*NEK*

In this suit challenging the results of an election, plaintiff, Danilo Augusto Feliciano, appeals the trial court's judgment dismissing his suit with prejudice. For the following reasons, we reverse the ruling of the trial court and remand for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

On May 27, 2025, plaintiff filed a "Petition Contesting Election" regarding the Law Enforcement District Proposition (Millage Renewal), which was on the ballot in Orleans Parish on May 3, 2025. Plaintiff's suit alleged discrepancies and irregularities in the recount of the election results. Named as defendants in the suit were Susan Hutson, in her official capacity as the Sheriff of Orleans Parish, and Nancy Landry, in her official capacity as Secretary of State for the State of Louisiana. Darren Lombard, the Clerk of Criminal District Court and Chief Elections Officer for the Parish of Orleans, intervened in the lawsuit.

A hearing in this matter was scheduled in the trial court for May 30, 2025 at 10:00 a.m. By 10:26 a.m., plaintiff had not appeared. The trial judge then rendered

judgment in favor of the defendants and the intervenor, dismissing plaintiff's suit with prejudice and ordering him to pay costs. The judgment was rendered in open court at 10:39 a.m., and read and signed in the judge's chambers at 11:32 a.m. Notice of the judgment was sent to all parties on May 30, 2025.

Plaintiff filed a Notice of Appeal on May 31, 2025, which was signed by the trial judge. On June 2, 2025, plaintiff filed a "Motion and Order to Convert an Appeal to a Devolutive Appeal," which the trial court granted.[1]

**DISCUSSION**

Plaintiff, a *pro se* litigant, argues on appeal that the trial court's dismissal of his case should have been without prejudice because he had a reasonable belief that his case was being heard in a different section of Civil District Court. He states that on the day of the hearing, he mistakenly went to the courtroom of the duty judge who had signed the Rule to Show Cause in this matter instead of the courtroom of the judge assigned to the case after the signing of the Rule to Show Cause.

A trial court is afforded great discretion in deciding whether a dismissal is with or without prejudice pursuant to LSA-C.C.P. Art. 1672(A), as the trial court is more familiar with the conditions and requirements of its trial docket. *Brooks v. Tradesmen Int'l, Inc.* 03-1871, p. 3 (La.App. 4 Cir. 9/1/04), 883 So.2d 444, 447 (citing *Malter v. McKinney*, 310 So.2d 696, 698 (La.App. 1st Cir.1975). We also recognize that litigants appearing *pro se* should generally be given more latitude

---

[1] We note that the designation of the appeal as devolutive has no effect on the requirements of La. R.S. 18:1409(D) for perfecting an appeal in an election case. The record shows plaintiff satisfied the requirements of La. R.S. 18:1409(D) for perfecting an appeal.

2

than litigants represented by counsel, as they are at a disadvantage having no formal training in the law and rules of procedure. *See In Re: Medical Review Panel Claim of Scott*, 16–0145, pp. 14-15 (La.App. 4 Cir. 12/14/16), 206 So.3d 1049, 1058.

In *Brooks v. Tradesmen International, Inc., supra*, a *pro se* litigant's case was dismissed with prejudice for his failure to appear at trial. Plaintiff claimed he was unaware of the new trial date even though the record reflected that the court sent notices of the new date to both plaintiff and his former attorney. This Court found that under the circumstances of that case, the dismissal of plaintiff's case should have been without prejudice because a dismissal with prejudice would deny plaintiff the opportunity to have his day in court. *Brooks*, p. 5, 883 So.2d at 447.

We find that under the circumstances of this case, the same result is warranted as in *Brooks*. The record shows the plaintiff's petition was filed after 4:00 p.m. on May 27, 2025, and the Rule to Show Cause was assigned to the duty judge. The judge in Division "J" was the duty judge, and she issued a Rule to Show Cause ordering defendants to show cause on May 30, 2025 at 10:00 a.m. why plaintiff's petition should not be granted. Below the duty judge's signature, the order stated "D. Nicole Sheppard, Judge – Division "J". Nowhere on this order is there an instruction that the May 30, 2025 hearing would be held in Division "I". We find that this order could suggest to a *pro se* litigant that he was to appear in Division "J" for the hearing. As a consequence, plaintiff did not appear in Division "I" where the hearing was to be conducted.

Additionally, one of the subpoenas duces tecum issued was returnable to Division "J".  The copy of this subpoena in the record shows that Division "J" was crossed out and Division "I" was written.

Given the latitude afforded to *pro se* litigants, we find that it was reasonable for plaintiff to believe that the hearing on May 30, 2025 would be held in Division "J" rather than Division "I".  Accordingly, we find that under the circumstances presented, it was an abuse of discretion for the trial court to dismiss plaintiff's case with prejudice.

**CONCLUSION**

For the reasons stated above, the trial court judgment dismissing plaintiff's suit with prejudice is hereby reversed and the matter is remanded to the trial court for further proceedings.

**REVERSED AND REMANDED**