**RECORRECTED COPY**

| | | |
|---|---|---|
| **DANILO AUGUSTO FELICIANO** | * | **NO. 2025-CA-0335** |
| | * | **COURT OF APPEAL** |
| **VERSUS** | * | **FOURTH CIRCUIT** |
| **SUSAN HUTSON, IN HER OFFICIAL CAPACITY AS ORLEANS PARISH SHERIFF AND NANCY RUTH LANDRY, IN HER OFFICIAL CAPACITY AS LOUISIANA SECRETARY OF STATE** | * | **STATE OF LOUISIANA** |
| | * | |
| | * | |
| | * * * * * * * | |

*JCL*

**LOBRANO, J., DISSENTS AND ASSIGNS REASONS**

I respectfully dissent from the majority's decision to reverse the district court's dismissal of this election contest.

In *Sens v. Plaisance*, 365 So.3d 17 (La. App. 4 Cir. 2020), and *Plaquemines Parish Council v. Petrovich*, 662 So.2d 542 (La. App. 4 Cir. 1995), we reaffirmed that election statutes are to be construed strictly and the procedure expedited. While the majority draws analogical support from *Brooks v. Tradesmen Intern., Inc.*, 03-1871 (La. App. 4 Cir. 9/1/04), 883 So.2d 444, that case is procedurally and legally distinguishable. *Brooks* involved the discretionary application of La. C.C.P. art. 1672(A) in a general civil context and not an election contest governed by a rigid statutory scheme. The court in *Brooks* was not constrained by La. R.S. 18:1409, which expressly bars rehearing or reconsideration under subsection (I). To adopt such reasoning would risk undermining the finality and uniformity that the election code seeks to preserve.

Nevertheless, I must also acknowledge a concern that implicates the risk of both procedural fairness and access to justice. The record in this case does not reveal a willful failure to appear, nor a disregard for process. Instead, it reflects documented procedural confusion, stemming from a pro se litigant's efforts or the difficulties posed by navigating an accelerated and complex legal process without

1

counsel. The absence of a statutory mechanism for rehearing under La. R.S. 18:1409(I) leaves little room for correction once judgment is entered. As such, despite the equitable concerns, I must conclude that the law compels us to affirm the district court's dismissal.

I therefore dissent from the majority's reversal of the district court's ruling and would affirm the dismissal of the election contest.