517 So.2d 340 (1987)
SAMANIE & BARNES a professional law corp.
v.
Larry LAWLER, et al.
No. CA 86 1333.
Court of Appeal of Louisiana, First Circuit.
November 10, 1987.
Herbert W. Barnes, Houma, for plaintiff and appellantSamanie & Barnes.
Larry Lawler, in pro. per.
Stanley R. Duval, Jr., Houma, for defendant, Dr. William Summerlin.
Mark D. Rhodes, Houma, for defendant, Progressive Bank & Trust Co.
Louis H. Schultz, Metairie, for defendant, Ross Pooley.
Larry G. Starns, Denham Springs, for defendant, William Zorn.
Baron M. Whipple, Houma, for defendants, Steve Brownell and Joseph Hester.
Before LANIER, CRAIN and LeBLANC, JJ.
LeBLANC, Judge.
This appeal arises from a concursus proceeding initiated by appellant, Samanie & Barnes, a professional law corporation. Appellant deposited funds derived from a settlement of a personal injury damage claim that it handled for appellee, Larry Lawler. Appellant deducted a fee and the expenses of litigation from the settlement funds and initiated the concursus proceeding, depositing the remaining funds into the court's registry. In response, appellee filed a petition contending that appellant had overcharged him and seeking an additional deposit of funds by appellant. The trial court found that the attorney fee charged by appellant was in excess of what was authorized by the contract between the parties and ordered appellant to deposit an additional amount into the court registry. Samanie & Barnes appeals the trial court's finding.
On September 25, 1981, Larry Lawler was accidentally injured while working on the outer continental shelf. As a result of his injuries, Lawler was paid approximately $103,000.00 in medical expenses and compensation *341 benefits by his employer's compensation carrier.
Pursuant to a contract executed on February 15, 1982, Lawler retained Samanie & Barnes to handle a third party liability claim against Bokenkamp and Chevron Oil Company for injuries sustained in the accident. The fee provision of the contract states that Lawler agrees that the attorneys of Samanie & Barnes are to receive one-third of "all amounts collected". The contract is applicable to "all claims that he... [Lawler] may have against Bokenkamp/ and Chevron Oil Co. and any and all other responsible parties as a result of the injuries he ... [Lawler] received in an accident which occurred on or about 9-25-81." Pursuant to this contract, Samanie & Barnes filed a tort suit on behalf of Lawler against Bokenkamp and other named parties [1] in federal district court. The compensation carrier filed an intervention in Lawler's suit seeking reimbursement. This suit was settled prior to trial. Pursuant to the settlement agreement, Bokenkamp and Chevron Oil Company[2] agreed to pay Lawler $200,000.00 for injuries sustained by Lawler in the accident. By separate agreement, the compensation carrier agreed to full and final payment of its lien for the sum of $50,000.00.
Based upon the contract between Lawler and Samanie & Barnes, Samanie & Barnes deducted its fee of one-third of the settlement amount from the $200,000.00, resulting in an attorney fee of $66,666.67. Samanie & Barnes also deducted its expenses in the amount of $15,123.87 from the settlement proceeds. Next, the $50,000.00 compensation lien was paid, leaving a balance of $68,209.46.
While Lawler's tort suit was pending, he incurred numerous unrelated debts and assigned his interest in his tort suit to secure those debts. The assignments recognized the priority of the attorney fee and expenses due Samanie & Barnes. Lawler defaulted on these obligations. The amount owed to his creditors exceeds the balance of the settlement funds. Each creditor has answered the concursus proceeding urging his interest in the settlement proceeds. At the trial of the concursus, Lawler moved for Samanie & Barnes to deposit an additional $22,048.43 alleging that Samanie & Barnes overcharged him by this amount for the attorney fee.[3] The trial court agreed that the fee charged was incorrect. The court found that the fee should have been assessed against the net amount of the settlement after payment of the compensation lien, $150,000.00, rather than against the total settlement of $200,000.00. The court ordered Samanie & Barnes to deposit an additional $16,666.67 plus a sum equal to the interest which would have been secured by the clerk of court in this proceeding on this amount from March 27, 1986 until the date of deposit. On appeal, Samanie & Barnes argues that the attorney fee was properly assessed at one-third of the total settlement *342 amount, resulting in an attorney fee of $66,666.67.
Appellant cites 33 U.S.C. § 933(f) and Ochoa v. Employers National Ins. Co., 754 F.2d 1196 (5th Cir.1985) as authority for his position, contending that the issue should be decided based on federal law. We disagree.
A judgment was apparently signed in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, recognizing the compromise of the tort suit and the compensation carrier's intervention. For this reason, state law is applicable and we find that Moody v. Arabie, 498 So.2d 1081 (La.1986) is controlling.
In Moody, the court determined that when a third party suit is brought or recovery is effected by an injured worker and his employer or its carrier intervenes for recoupment of workers' compensation paid to the worker, the employer or carrier is obliged to pay a portion of the attorney fees out of its share of the recovery. Based on the Moody holding, we remand this case to the trial court in order for the employer and its carrier to be joined in the concursus proceeding. Once these parties have been joined in the proceeding, the trial court must determine the percentages of the costs, including attorney fees, for which each party is responsible. "The necessary and reasonable costs of recovery are to be apportioned between the worker and the employer according to their interests in the recovery." Moody, 498 So.2d at 1086.[4]
In determining and fixing the attorney fees, the trial court should consider the contingency fee provision of the attorney-client contract entered into between Lawler and Samanie & Barnes. However, the Model Rules of Professional Conduct Rule 1.5(a) (Discussion Draft 1980) prohibits this court from being bound by this contract in determining reasonable attorney fees. Rule 1.5 prohibits a lawyer from collecting a fee that is in excess of a reasonable fee and also sets forth factors to be considered as guides in determining the reasonableness of attorney fees. See Moody, 498 So.2d at 1086.
The judgment of the trial court is vacated and the case is remanded to the trial court for further proceedings consistent with the opinion of this court.
Cost of this appeal are to be divided equally between Lawler and Samanie & Barnes.
VACATED AND REMANDED.
NOTES
[1] Since the record in the present suit does not include the petition filed in the tort suit, this Court cannot determine the names of all of the named parties in the tort suit.
[2] The record is not clear regarding which parties were involved in this settlement agreement. A copy of the settlement agreement was included in the record but it was not signed by the parties named in the settlement. This copy indicates that Larry Lawler settled his claims against Bokenkamp Drilling Company and Mobil Oil Exploration & Producing Southeast, Inc. for the sum of $200,000.00. Samanie & Barnes' post trial memorandum states that this settlement involved claims against Bokenkamp and Chevron Oil Company. Mr. Lawler's opposition memorandum does not contest this point. Therefore, we accept Samanie & Barnes' statement of the facts regarding this point.
[3] In Lawler's petition he alleges that Samanie & Barnes charged him $72,048.43 for the attorney fee and that the fee should have been $50,000.00. Thus he argues that he was overcharged by $22,048.43. However, in the post trial memorandum, Samanie & Barnes states that it deducted its fee of one-third of "all amounts collected" based on the $200,000.00 settlement proceeds. Therefore, the fee that Samanie & Barnes claims to have deducted from the proceeds is $66,666.67. Lawler does not contest this statement in his post-trial memorandum in opposition to Samanie & Barnes' post-trial memorandum. Furthermore, the trial judge found that the fee charged by Samanie & Barnes was $66,666.67. Assuming that the trial court's finding is correct, the alleged amount of the overcharge would be $16,666.67.
[4] Although this court is not addressing the issue of whom is responsible for the attorney fees incurred by the employer or its compensation carrier, we note that according to Moody, if these fees were charged for services which were reasonable and necessary acts that were useful and beneficial to the worker's settlement of the tort suit, these fees should also be apportioned between the worker and the employer according to their interests in the recovery.