542 So.2d 209 (1989)
Gary K. KEYES, Plaintiff-Appellant,
v.
Neil JOHNSON and Rebel Rental, Inc., Defendants-Appellees.
No. 88-93.
Court of Appeal of Louisiana, Third Circuit.
April 19, 1989.
Writ Denied June 30, 1989.
Stephen Spring, Lafayette, for plaintiff-appellant.
Gary K. Keyes, New Orleans, in pro per.
Allen & Gooch, St. Paul Bourgeois, IV, Aaron Allen, Lafayette, Neil S. Johnson, Broussard, for defendants-appellees.
Before GUIDRY, STOKER and KING, JJ.
*210 GUIDRY, Judge.
Plaintiff, Gary K. Keyes, appeals from a trial court judgment dismissing with prejudice his tort action against defendants, Neil Johnson and Rebel Rental, Inc., for his failure to appear at trial. (La.C.C.P. art. 1672(A)). Appellant contends that the trial court abused its discretion in rendering a judgment of dismissal with prejudice. We affirm.
Keyes filed his petition for damages against defendants on March 18, 1982, alleging that Neil Johnson, while in the course and scope of his employment with defendant, Rebel Rental, Inc., struck him in the face with a metal pipe or club causing him severe injuries. Defendant, Rebel Rental, Inc., answered the suit on April 30, 1982. Defendant, Neil Johnson, was never served with a copy of the petition. From the record, we discern that Johnson's whereabouts are unknown.
The record reflects activity in the suit during the period following its filing until August of 1984. Thereafter, the suit was essentially inactive until April 12, 1986, on which latter date plaintiff addressed a letter to the clerk of court advising that he had fired his attorneys; would represent himself in the litigation; and, requested that the matter be fixed for trial on its merits. Pursuant to plaintiff's request, the matter was fixed for trial on August 27, 1986 and plaintiff was notified of that fixing. In correspondence with the clerk of court dated May 6, 1986 and July 8, 1986, plaintiff indicated his awareness of the trial date and advised that he would be present on August 27, 1986 for trial. On August 4, 1986, an attorney, Charles Swanson, motioned the court to be enrolled as counsel of record for plaintiff. Swanson's motion was granted.[1] On August 27, 1986, the matter was called for trial on its merits, pursuant to the previous fixing. Neither plaintiff nor his counsel made an appearance. On defendant's (Rebel Rental) motion, the trial court ordered plaintiff's suit dismissed with prejudice. Thereafter, plaintiff perfected this appeal urging that the trial court erred in dismissing his suit with prejudice.
La.C.C.P. art. 1672(A) reads in pertinent part as follows:
"A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the court shall determine whether the judgment of dismissal shall be with or without prejudice."
In Martin v. South Coast Corporation, 356 So2d 500 (La.App. 1st Cir.1977), the court stated at page 501:
"It is well settled that a trial judge is vested with wide discretion in acting upon a motion for continuance and his ruling in such regard will not be disturbed on appeal except on a showing of a clear abuse of discretion. Sauce v. Bussell, 298 So.2d 832 (La.1974).
La.C.C.P. Article 1672 allows a trial judge discretion to dismiss an action with or without prejudice analagous to the discretion permitted in acting upon a motion for continuance. In both instances, the trial judge's knowledge of `the condition of his docket, fairness not only to both parties but also to other litigants in his court, and the need for an orderly and prompt administration of justice' provides him with superior ability to determine the terms of the dismissal. Malter v. McKinney, 310 So.2d 696, 698 (La. App. 1st Cir.1975)."
The record reflects that this case had been on the trial court's docket for over five years. As verified in his correspondence to the clerk of court, plaintiff was apprised of the date this matter was fixed for trial and at one point indicated that he intended to represent himself in this matter. Plaintiff did in fact retain counsel prior to the trial date. However, neither plaintiff nor his counsel appeared on the date fixed for trial. Apparently, the trial judge concluded that the condition of his docket and "the need for an orderly and prompt administration of justice" warranted *211 a dismissal of plaintiff's suit with prejudice. We find no clear abuse of the trial court's discretion in dismissing plaintiff's action with prejudice.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Plaintiff-appellant is cast with all costs of this appeal.
AFFIRMED.
NOTES
[1] The only other court appearance made by Charles Swanson was on October 24, 1987 in a motion to withdraw as plaintiff's counsel.