PITCHER, Judge.
Plaintiff, Samanie & Barnes, A Professional Law Corporation, (“Samanie & Barnes”), moved for dismissal of a proceeding to determine reimbursement for attorney fees, after defendant, Larry Lawler failed to appear for the hearing.[1] The trial court granted the motion and dismissed the hearing. H. Ross Pooley, (“Pooley”), one of the defendants in the concursus proceeding appeals this decision and asserts that the dismissal denied him an opportunity to fully adjudicate his rights under the law. We affirm.
PROCEDURAL HISTORY
This matter was previously before this court, as a result of an appeal from a concursus proceeding initiated by Samanie & Barnes. See, Samanie & Barnes v. Larry Lawler, et al, 517 So.2d 340 (La.App. 1st Cir.1987).
On September 25, 1981, Larry Lawler was accidently injured while working on the outer continental shelf. As a result of his injuries, Lawler was paid approximately $103,000.00 in medical expenses and compensation benefits by his employer’s compensation carrier National Union Fire Insurance Company. On February 15, 1982, Lawler retained Samanie & Barnes to handle a third party liability claim against Bok-enkamp Drilling Company and Chevron Oil Company for injuries sustained in the accident and executed a contract to that effect. Subsequently, a settlement agreement was confected, and Bokenkamp and Chevron Oil Company agreed to pay Lawler $200,000.00 for injuries Lawler sustained in the accident.
While Lawler’s tort suit was pending, he incurred numerous unrelated debts, includ *1168 ing one to Pooley, and assigned his interest in his tort suit to secure those debts. The assignments recognized the priority of the attorney fee and expenses due Samanie & Barnes. Lawler defaulted on these obligations. The amount owed to his creditors exceeded the balance of the settlement funds. Each creditor answered the concur-sus proceeding urging his interest in the settlement proceeds. At the trial of the concursus, Lawler moved for Samanie & Barnes to deposit an additional $22,048.43 alleging that Samanie & Barnes overcharged him by this amount for the attorney fee.
The trial court found that the attorney fee charged by Samanie & Barnes was too great and that the fee should have been calculated on the amount of the settlement after the comp lien had been deducted.[2]
This court found that Moody v. Arabie, 498 So.2d 1081 (La.1986), was controlling. In Moody, the court determined that when a third party suit is brought or recovery is effected by an injured worker and his employer or its carrier intervenes for recoupment of worker’s compensation paid to the worker, the employer or carrier is obliged to pay a portion of the attorney fees out of its share of the recovery. Based on the Moody holding, we remanded this case to the trial court in order for the employer and its carrier to be joined in the concursus proceeding. Once these parties have been joined in the proceeding, the trial court must determine the percentages of the costs, including attorney fees, for which each party was responsible. Samanie & Barnes, 517 So.2d at 342. We vacated the judgment of the trial court and remanded the case to the trial court for further proceedings consistent with the opinion of this court.
After remand, on February 25, 1988, Pooley filed a Rule To Show Cause Why Additional Funds Should Not be Deposited In Concursus/Alternately, To Make Louisiana Judgment Executory. A hearing was held on that motion on March 25, 1988. After hearing arguments of counsel, the court took the matter under advisement. On April 18, 1988, judgment was rendered and signed in chambers, denying the motion as premature, and further ordering that Samanie & Barnes be directed to join in the concursus proceeding National Union Fire Insurance Company and Hughes Drilling Fluids, Inc., Lawler’s employer.
On September 9, 1991, pursuant to this court's previous ruling, a hearing was held. Larry Lawler was not present for this proceeding, nor was there an attorney present on his behalf.[3] Herbert Barnes, representing Samanie & Barnes, moved for an involuntary dismissal. The trial court granted the motion and dismissed with prejudice. The court further ordered that there be judgment in favor of National Union Fire Insurance Company of Pittsburgh, Pennsylvania dismissing with prejudice any and all third party claims against it at the cost of third party plaintiff, Samanie & Barnes, APLC.
Pooley appeals the trial court’s dismissal and contends that such dismissal denied him the opportunity to fully adjudicate his rights under the law.[4] Pooley was not present at this hearing; nor was he represented at the hearing.
Appellant has set forth the following assignments of error for our review:
1. There is serious question as to whether Mr. Pooley was to appear at the hearing of September 9, 1991, as mover-in-rule or as plaintiff or as defendant-in-concursus.
2. There is serious question of fact as to whether Mr. Barnes argued as attorney for his firm or whether he submitted *1169 unsworn and unsubstantiated witness testimony.
3. There is serious issue of fact as to whether Mr. Pooley was denied his rights to object to the 9/9/91 proceedings due to the absences and the error of the Clerk of Court.
4. There is serious question of law as to whether or not H. Ross Pooley has a right to appeal the trial court denial of his own “Motion To Show Cause Why Additional Funds Should Not Be Deposited In Concursus/Alternative, To Make Louisiana Judgment Executory.”
5. There is question as to whether the judgment of the trial court dismissing Lawler’s motion for greater deposit into the concursus, even if correct, is final and definitive, and whether it can preclude Mr. Pooley’s right to have the con-cursus proceeding fully and equitably adjudicated pursuant to Moody.
ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO:
Appellant did not address these assignments of error in his brief. Therefore, these assignments of error are deemed abandoned pursuant to Rule 2-12.4 of the Uniform Rules of the Courts of Appeal.
ASSIGNMENT OF ERROR NUMBER THREE:
Appellant urges in his third assignment of error that he was denied the right to object to the concursus proceeding of September 9, 1991, due to his absence and the error of the Clerk of Court. He avers that he has been aggrieved by the dismissal action and will continue to suffer grievous injustice if this dismissal is not reversed.
LSA-C.C.P. Art. 1672 A provides that a judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the court shall determine whether the judgment of dismissal shall be with or without prejudice. The trial court has much discretion in determining whether a motion for dismissal should be granted. Fragala v. City of Rayville, 557 So.2d 1118 (La.App. 2nd Cir.), writ denied, 561 So.2d 103 (La.1990); Mott v. Babin Motors, Inc., 451 So.2d 632 (La.App. 3rd Cir.1984).
Pooley and Lawler failed to appear in court, either personally or through counsel, when Lawler’s case was called. Upon Samanie & Barnes’ motion, and acting pursuant to LSA-C.C.P. art. 1672, the trial judge rendered judgment, dismissing the proceeding due to Lawler’s failure to appear on the date set for said hearing. The trial judge further exercised the discretion granted to him by Art. 1672 and ordered that the dismissal be with prejudice. The trial did not clearly abuse its discretion by dismissing this action with prejudice after neither Lawler nor his counsel appeared for trial. Keyes v. Johnson, 542 So.2d 209 (La.App. 3rd Cir.), writ denied, 546 So.2d 1215 (La.1989); Matter v. McKinney, 310 So.2d 696 (La.App. 1st Cir.1975). Furthermore, dismissal can be made on application of any party when plaintiff fails to appear on the day set for trial and when that appearance may be personally or through attorney. Spencer v. Children’s Hospital, 432 So.2d 823 (La.1983). We find this assignment of error to be without merit.
ASSIGNMENTS OF ERROR NUMBERS FOUR AND FIVE:
We find it unnecessary to address assignments of error numbers four and five because the issues raised in the assignments are moot.
We affirm the trial court’s judgment in favor of plaintiff, Samanie & Barnes, and reject appellant’s contentions.
All costs of this appeal are assessed against the appellant, H. Ross Pooley.
AFFIRMED.

. On March 27, 1986, Lawler filed a "Petition to Require Greater Deposit to Concursus." Therefore, he is “plaintiff’ with regard to that action.

. The attorney’s fee had been calculated on the entire settlement amount of $200,000.00. The court held that the fee should have been calculated based on the amount of the settlement after the comp lien had been deducted ($150,-000.00).

. Mr. Lawler appeared in proper person in the previous concursus proceeding.

.Larry Lawler also filed an appeal; however, the appeal was dismissed for Lawler's having failed to timely file a brief within the period provided by Rule 2-12.7 of the Uniform Rules of the Courts of Appeal.