|, MAX N. TOBIAS, JR, Judge.
The appellant’s worker’s compensation case was dismissed due to the appellant’s failure to appear at trial. For the reasons stated herein, we reverse and remand for further proceedings.
The plaintifi/appellant, Josephine O’Rourke, alleged a work-related injury that occurred on Saturday, 26 May 2001. At the time of her alleged injury, Ms. Rourke was employed as a waitress for the defendant/appellee, Nora L.- Dejoie, doing business as Nora’s Creole Café. Both Ms. O’Rourke and Ms. Dejoie represented themselves in this litigation without lawyers. Trial was set for 2 December 2002 before the worker’s compensation judge. The trial court rendered a judgment on 2 December 2002 dismissing the case with prejudice; the trial court stated that the case was being dismissed for the “partie’s failure to appear for trial”. (Emphasis added.) Notice of the judgment was sent by certified mail.
On 4 December 2002, Ms. O’Rourke filed a Motion to Vacate Judgment of Dismissal, asserting that she had appeared at all prior proceedings of the matter, including two prior continuances of the trial, and that she had been mistaken as to the trial date. (She thought trial was set for 4 December 2002, not 2 December 2002.)
l2The record on appeal contains a motion to vacate the judgment of dismissal filed by Ms. O’Rourke on 4 December 2002, and an order by the trial court denying the motion on 9 December 2002.
A subsequent judgment of the trial court (discussed below) states that Ms. O’Rourke filed a motion for appeal on 6 January 2003 and an order granting the appeal was entered on 7 January 2003. The record on appeal contains neither the 6 January 2003 motion nor the 7 January 2003 order. No pleading in the record reflects anything occurring on those dates.
The subsequent judgment also states that on 4 February 2003, a status conference was held and the trial court vacated, on its own motion, the 2 December 2002 order of dismissal “for not being in proper form and/or providing proper notice.” The record on appeal reflects no notice or evidence other than the comment in the subsequent judgment of any conference.
On 12 February 2003 the trial court signed a new “final judgment” (the “subsequent judgment” referred to above). This new judgment notes that the order of appeal of 7 January 2003 was vacated at the status conference on 4 February 2003. (No evidence indicates that the parties consented to the vacating of the order of appeal entered on 7 January 2003.) The judgment ordered Ms. O’Rourke’s claim be dismissed with prejudice, stating that the judgment was “in proper form and provided the plaintiff with proper notice as per the Louisiana Code of Civil Procedure.” The new judgment also states that the plaintiffs failure to appear for trial was the reason for the dismissal.
On 13 March 2003, Ms. O’Rourke filed an appeal in proper person and an order of appeal was granted that date. We note that Ms. O’Rourke is prosecuting this appeal as a pauper.

|3The record on appeal contains no transcript of any proceeding.

■ On .appeal, Ms. O’Rourke argues simply that she thought the trial was scheduled for 4 December 2002, instead of 2 December 2002. She points out to the court that she is seventy-seven years of age and has made every other court appearance and mediation conference in her case. The record reflects that the parties participated in court-ordered mediation of the matter before an answer was filed by Ms. Dejoie; that following the mediation, Ms. O’Rourke entered a motion for default; *978 and that on the date the default was to be confirmed (1 July 2002), Ms. Dejoie filed an answer admitting, inter alia, that Ms. O’Rourke had sustained an injury in the course and scope of her employment for Ms. Dejoie, and that the injury caused Ms. O’Rourke to sustain a loss of earning capacity.
La. C.C.P. art. 1672 A reads in pertinent part as follows:
(1) A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the court shall determine whether the judgment of dismissal shall be with or without prejudice.
(2) The court, on its own motion, may dismiss an action without prejudice when all he parties thereto fail to appear on the day set for trial; however, when a case has been dismissed pursuant to this provision and it is claimed that there is a pending settlement, either party may reinstate the suit within sixty days of receipt of notice of dismissal, and any cause of action which had not been prescribed when the case was originally filed shall be fully reinstated as though the case had never been dismissed.
A trial judge’s knowledge of the condition of the court’s docket, fairness not only to both parties but also to other litigants in the court, and the need for an orderly and prompt administration of justice provides the trial judge with superior ability to determine the terms of the dismissal. Keyes v. Johnson, 542 So.2d 209 (La.App. 3 Cir.1989); Matter v. McKinney, 310 So.2d 696, 698 (La.App. 1 |4Cir.l975). The trial court’s dismissal of a cause of action based upon plaintiffs failure to appear for trial will not be reversed absent a showing that the trial court abused its discretion. Keyes, supra.
In this case, based upon the record on appeal, we find that the trial court abused its vast discretion in dismissing Ms. O’Rourke’s case.
Considering the equities of the case and (1) the advanced age of the plaintiff; (2) the admission by the defendant that (a) the plaintiff sustained a work related injury in the course and scope of her employment for the defendant and (b) the plaintiff lost earn capacity as a result of the injury; (3) the attendance by the plaintiff at all other hearings of the court and at the mediation; . (4) the inconsistency in the judgments (one reflecting that both parties failed to appear and the other reflecting that only the plaintiff failed to appear); (5) the absence of a transcript of the 2 December 2002 setting of the trial; (6) the absence of a formal notice, minute entry or other evidence relating to a 4 February 2003 status conference; (7) the absence of the 6 January 2003 motion for appeal and the 7 January 2003 order granting the appeal (the latter of which under La. C.C.P. art.2088 divested the trial court of jurisdiction to enter the 12 February 2003 judgment[1]); and (8) the extreme harshness of a dismissal with prejudice in view of the language of La. C.C.P. art. 1672 A, we cannot uphold the judgment of dismissal. See La. C.C.P. art. 2164.
For these reasons, we reverse the judgment of dismissal with prejudice and remand the matter for further proceedings.

REVERSED AND REMANDED.

CANNIZZARO, J., dissents with reasons.,

. At best, the 12 February 2003 judgment can be read as reasons for judgment. Yet the record on appeal does not support the statements therein.