MOORE, J.
hJoycelyn Holden appeals a judgment that dismissed her workers’ compensation claim for failure to appear at trial. We amend and remand.

Procedural Background

Ms. Holden was employed as a registered nurse at Willis-Knighton Medical Center in Bossier City. She alleged that in January 2001, she injured her back while trying to catch a patient who had lost his balance. She filed this disputed claim in June 2002 through attorney Cynthia King. Ms. King’s associate, Shereka Thrash, appeared on Ms. Holden’s behalf at the initial mediation conference in October 2002. However, Ms. King signed all subsequent pleadings, giving as her office address 2800 Youree Drive, Suite 400. In December 2004, the Office of Workers’ Compensation (“OWC”) sent a certified mail notice of trial to Ms. King at that address, and Ms. Thrash signed for it. The notice set the trial for May 31, 2005.
On the date of trial, neither Ms. King nor her client appeared. Counsel for Willis-Knighton moved for involuntary dismissal, which the WCJ granted with prejudice. Notice of judgment was mailed that day to Ms. King at 2800 Youree Drive, Suite 400. This was returned “unable to forward.”
On July 20, Ms. King filed a motion for new trial. She alleged that when the certified mail arrived in December 2004, she and Ms. Thrash were relocating their offices to 2800 Youree Drive, Suite 232, and Ms. Thrash did not recall signing for the certified letter. As a result, Ms. King argued that she did not receive notice that trial had been set for May 31. Before the motion for new trial had been heard, Ms. King also filed a motion for [¡.devolutive appeal, which the WCJ granted.
At the hearing on the motion for new trial, counsel for Willis-Knighton argued that the motion was filed over seven days after notice of judgment, contrary to La. C.C.P. art. 1974. The WCJ agreed and denied the new trial. The appeal is now properly before this court.

Discussion

Ms. Holden advances three assignments of error. By her first assignment, she contends the WCJ erred in dismissing her claim without giving proper notice of the trial date to plaintiff and her attorney. She reiterates that “an attorney who shares office space with the attorney of record signed for the notice,” and argues that this was “not proper notice of a trial setting.” She cites no statute or cases in support.
Willis-Knighton responds that it is not the OWC’s responsibility, much less the employer’s, to notify the OWC of changes of address for the claimant’s counsel. It submits that notice of trial was proper because (1) the certified letter was sent to counsel of record at her address of record and (2) counsel’s associate, who had previously appeared on Ms. Holden’s behalf, signed for it.
The clerk of court fulfilled its obligation of providing notice when it sent notice to the attorneys of record at the time the notice was generated. Rock v. ATPIC Trucking Co., 1998-1420 (La.App. 1 Cir. 6/25/99), 739 So.2d 874; Prejean v. Ortego, 262 So.2d 402 (La.App. 3 Cir.1972). It is of no moment that the address originally provided by counsel was no longer valid. The burden is on counsel to advise *815 the court of any change of ^address. The first assignment of error lacks merit.
By her second assignment, Ms. Holden contends the WCJ erred in dismissing the claim with prejudice. She concedes that under La. C.C.P. art. 1672, the court had the discretion to make the dismissal with or without prejudice. She submits, however, that because she had never missed a scheduled court appearance, and because Ms. King never received the notice of trial setting, dismissal with prejudice was “inequitable, unjust and unfair to claimant.”
Willis-Knighton responds that the WCJ did not abuse her discretion in dismissing with prejudice. In support, it cites art. 1672 A and urges that the WCJ was best familiar with the trial docket, the conditions and requirements of the docket, the need for promptness and fairness to other litigants, and the need for orderly and prompt administration of justice. Keyes v. Johnson, 542 So.2d 209 (La.App. 3 Cir.), writ denied, 546 So.2d 1215 (1989).
On our own motion, we notice that this situation is governed by a special provision of the OWC hearing rules, La. Admin. C. 40:1.5705, which provides in pertinent part:
§ 5705. Abandonment
A. A claim may be dismissed by an ex parte order of the judge for lack of prosecution for the following reasons: ⅝ ⅜ ⅜
4. where a party fails to appear for a properly noticed conference or trial.
* * ⅜
C. Dismissal under this rule shall be without prejudice. Any order of dismissal shall allow for reinstatement of the action within 30 days for good cause shown.
| ¿The WCJ granted Willis-Knigh-ton’s ex parte motion to dismiss the claim for Ms. Holden’s failure to appear; under this section, the dismissal must be tvithout prejudice and with leave of court for Ms. Holden to apply for reinstatement of the action within 30 days. The judgment will be amended accordingly.
By her third assignment of error, Ms. Holden contends the WCJ erred in denying her motion for new trial. Because we are amending the judgment of dismissal to be without prejudice, we deem the issue of the motion for new trial to be moot.

Conclusion

For the reasons expressed, the judgment of dismissal is amended to provide for dismissal without prejudice, and the case is remanded to the OWC with leave of court for Ms. Holden to apply for reinstatement within 30 days of this judgment. Costs of this appeal are to be paid by the appellee, Willis-Knighton Medical Center.
This opinion is designated for publication pursuant to La. R.S. 23:1310.5 F.
AMENDED AND REMANDED.
APPLICATION FOR REHEARING
Before BROWN, STEWART, GASKINS, PEATROSS and MOORE, JJ.
Rehearing denied.