LEDET, J,
CONCURS WITH REASONS
hi concur in the affirmation of the trial court’s judgment dismissing with prejudice this suit by Two Canal Street Investors, Inc. (“TCSI”), but for different reasons than those expressed in the majority opinion. The dispositive issue—which the majority opinion fails to address—is whether the trial court abused its discretion in dismissing TCSI’s suit with prejudice pursuant to La. C.C.P. art 1672 A(l).[1]
Although TCSI received proper notice of the trial court’s October 20, 2016 order setting the trial for November 21, 2016, TCSI failed to appear at trial. Nor did TCSI file a motion to continue.[2] At trial, the defendants formally moved for a dismissal with prejudice under La. C.C.P. art. 1672 A(l). Granting the motion, the trial court, in its oral reasons for judgment, cited O’Rourke v. Nora’s Creole Cafe, 03-0810, pp. 3-1 (La.App. 4 Cir. 8/13/03), 854 *618 So.2d 976, 978. In that case, this court stated:
A trial judge’s knowledge of the condition of the court’s docket, fairness not only to both parties but also to other litigants in the courts and the need for an orderly and prompt administration of justice provides the trial judge with superior ability to determine the terms of the dismissal. Keyes v. Johnson, 542 So.2d 209 (La. App. 3 Cir.1989); Matter v. McKinney, 310 So.2d 696, 698 (La.App. 1 Cir.1975).

Id.

Applying those principles, the trial court determined that a dismissal of TCSI’s case with prejudice was warranted given that “[tjhis case has had several hearings. We have had several different members of this entity [TCSI] come in and out of this case. The Court has held a number of hearings, and this case has gone to the Court of Appeal, Fourth Circuit, on a number of occasions.” The trial court further noted that it “ha[d] ensured that all parties have been made aware of the hearings in this matter” and “ha[d] given everyone an opportunity to properly brief any issues.”
A trial court’s judgment dismissing a plaintiffs case for failure to appear for trial will not be reversed absent a showing of an abuse of discretion. O’Rourke, 03-0810 at p. 4, 854 So.2d 976 at 978 (citing Keyes v. Johnson, 542 So.2d 209 (La. App. 3rd Cir. 1989). Construing Article 1672 A(l), this court has noted that “Louisiana law plainly provides that failure to appear on the date of trial mandates dismissal of a party’s claims.” At Your Serv. Enterprises, Inc. v. Swope, 07-1620, p. 9 (La.App. 4 Cir. 1/14/09), 4 So.3d 138, 144.
The Swope case illustrates the type of conduct that this court has found to justify the dismissal of a party’s claim with prejudice. In that case, the plaintiff was a contractor who filed suit against a homeowner, Mr. Swope, for amounts due on a renovation job. In response, Mr. Swope filed a reconventional demand. The contractor propounded discovery, and Mr. Swope failed to answer. The contractor filed a motion to compel. A few weeks before trial, the trial court ordered Mr. Swope’s counsel to provide discovery responses within fourteen days and advised the contractor’s counsel that he could pursue sanctions if the responses werej 3 not timely received. No responses were provided. Neither Mr. Swope nor his counsel appeared at either the pre-trial conference or the trial. At trial, the trial court allowed the contractor to put on evidence.
In Sioope, the trial court rendered judgment in the contractor’s favor and dismissed Mr. Swope’s reconventional demand. Mr. Swope filed a motion for new trial, but neither he nor his counsel appeared at the hearing on the motion, which was denied. Affirming, we reasoned that “[a]ppellant [Mr. Swope] in this case not only refused to comply with court ordered discovery, but also failed to appear, without explanation, on the date set for trial.” Swope, 07-1620 at p. 10 (La. App. 4 Cir. 1/14/09), 4 So.3d 138, 144. We further reasoned that Mr. Swope’s actions had prejudiced the other litigant, the contractor.
Similar to Swope, this case involves a plaintiff who not only failed to comply with court-ordered discovery, but also failed to appear at trial. It also involves prejudice to the other litigant, the defendants.
Summarizing, the trial court’s dismissal of TCSI’s case with prejudice was warranted for three reasons. First, TCSI failed to file a motion to continue or to appear at trial. Second, TCSI engaged in a pattern of dilatory tactics and abuses of process, including failing to produce Mr. Fisher for his deposition. Indeed, TCSI’s discovery violations have been the subject *619 of writ applications to this court. Finally, this case involves prejudice to the opposing party caused by the long procedural history of this case. As the defendants point out in their brief, “[t]his case has been pending for over 18 months, has resulted in substantial litigation costs, and has delayed the redevelopment of valuable property that is crucial to the economic development of the City of New Orleans.”
Given the trial court’s dismissal of TCSI’s suit with prejudice pursuant to Article 1672 A(l) was not an abuse of discretion, I would pretermit the issue of whether the corporate entity, TOSI, had a right of action to bring this suit.
14For these reasons, I respectfully concur.

. Article 1672 A(l) provides that “[a] judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial.”. La. C.C.P. art. 1672 A(l).

. In setting the trial date, the trial court admonished TCSI that if it disputed the setting of the trial date, it should move for a continuance so that the trial court could consider their showing for good cause and allow for appellate review before trial. TCSI failed to do.