STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

DOCKET NUMBER
2023 CA 1358

JAMIE LABRANCHE

VERSUS

LOUISIANA DEPARTMENT OF
JUSTICE A.G. JEFF LANDRY

Judgment Rendered: **AUG 2 0 2024** _____

* * * * *

ON APPEAL FROM THE
NINETEENTH JUDICIAL DISTRICT COURT, SECTION 25
IN AND FOR THE PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA
DOCKET NUMBER C-710950

HONORABLE WILSON E. FIELDS, JUDGE PRESIDING

* * * * *

Jamie LaBranche                          Plaintiff/Appellant
LaPlace, Louisiana                       In Proper Person


Carey Tom Jones                          Attorneys for Defendant/Appellee
Tanika Starks                            Attorney General Elizabeth Murrill,
Assistant Attorneys General              in her Capacity as the Custodian of
Baton Rouge, Louisiana                   Records for the Louisiana Department
                                         of Justice


**BEFORE:  THERIOT, PENZATO, AND GREENE, JJ.**

_Penzato, J., agrees in part, concurs in part, dissents in part and assigns reasons._

**GREENE, J.**

The plaintiff, Jamie LaBranche, appeals the district court's judgment granting a motion for sanctions and motion to strike filed by the Louisiana Attorney General[1] and dismissing his suit with prejudice. After review, we reverse in part and affirm in part.

## FACTS AND PROCEDURAL HISTORY

On August 24, 2021, Mr. LaBranche filed a petition for writ of mandamus pursuant to the Louisiana Public Records Law, La. R.S. 44:1, *et seq.*, requesting that the Attorney General be directed to produce certain public records reflecting an accounting of Louisiana's portion of a 2012 settlement between the federal government and forty-nine state attorneys general and the country's five largest mortgage servicers.[2] Mr. LaBranche attached to his petition correspondence from the Attorney General advising Mr. LaBranche that no documents were found that were responsive to his public records requests. The attached correspondence from the Attorney General also provided Mr. LaBranche with a website to conduct his own research regarding the settlement.

The Attorney General filed a peremptory exception raising the objections of no right of action and no cause of action, which the district court sustained, dismissing Mr. LaBranche's petition with prejudice. Mr. LaBranche appealed and challenged the constitutionality of La. C.C.P. arts. 927(5), 927(6), and 2593. **LaBranche v. Landry,** 2022-0461 (La. App. 1 Cir. 12/15/22), 357 So.3d 395, 405.

On appeal, this Court affirmed the judgment sustaining the peremptory exceptions raising the objections of no cause and no right of action and dismissing Mr. LaBranche's petition for writ of mandamus with prejudice. **LaBranche,** 357 So.3d at 407. As to Mr. LaBranche's constitutional challenge, this Court noted that Mr. LaBranche had filed a document entitled "Notice of Constitutional Challenge 'La Rev Stat & 13:4448' Constitutionality of Statute at Issue Cease and Desist All Judgments Until Opinion Issues According to Above Stat." in the district court proceedings challenging the

---

[1] On appeal, Attorney General Elizabeth Murrill, in her official capacity as custodian of records for the Louisiana Department of Justice, was substituted for former Attorney General (now Governor) Jeff Landry.

[2] Mr. LaBranche alleged in his petition that he needs the requested documentation to use in a foreclosure proceeding pending in the Fortieth Judicial District Court. See **Nestor I, LLC v. LaBranche,** Docket No. C-54549, Div. A, 40th JDC, Parish of St. John the Baptist. Mr. LaBranche also sought penalties against the Attorney General pursuant to La. R.S. 44:35 and La. R.S. 44:37.

constitutionality of La. C.C.P. arts. 927(5), 927(6), and 2593. **LaBranche**, 357 So.3d at 406 n. 14. This Court explained that an attack on the constitutionality of a statute must be raised in the trial court, must be specially pleaded, and the basis of unconstitutionality must be particularized. **LaBranche**, 357 So.3d at 405 (citing **Istre v. Meche**, 2000-1316 (La. 10/17/00), 770 So.2d 776, 779; **Vallo v. Gayle Oil Co., Inc.**, 94-1238 (La. 11/30/94), 646 So.2d 859, 864-65). This Court found that Mr. LaBranche failed to properly raise his constitutional claims in a pleading in the district court. Additionally, the claims were never set for a contradictory hearing and the district court did not rule on the claims. Therefore, this Court determined that the constitutional claims were not properly before it. **Id.** at 406. As such, this Court remanded the matter to allow Mr. LaBranche to specially plead the unconstitutionality of La. C.C.P. arts. 927(5), 927(6), and 2593, and to give notice to the Attorney General, as required by La. R.S. 13:4448. **LaBranche**, 357 So.3d at 407.

Following remand, Mr. LaBranche filed numerous motions and documents, including a "Motion to Set En Banc Required Contradictory Hearing Remanded From 1st Circuit Court of Appeal." In the motion, Mr. LaBranche requested that his previously filed notice asserting the unconstitutionality of La. C.C.P. arts. 927(5), 927(6), and 2593 be set for an *en banc* hearing. The district court set the matter for a hearing[3] on March 20, 2023; however, Mr. LaBranche did not appear at the hearing.

On March 22, 2023, Mr. LaBranche filed a motion to recuse the district court judge, Judge Wilson E. Fields, and a motion to disqualify Assistant Attorney General Alicia Wheeler for alleged misconduct. Mr. LaBranche argued both Judge Fields and Ms. Wheeler would be called as witnesses, although he did not explain why their testimony was required. By order of the Louisiana Supreme Court, Retired Judge John E. Conery was appointed as judge *ad hoc* to hear and dispose of Mr. LaBranche's motion to recuse Judge Fields. Thereafter, Mr. LaBranche filed a motion to disqualify Judge Conery, arguing his appointment as judge *ad hoc* was improper under La. Const. Art. V, § 23(B) because he is over 70 years old.

---

[3] The district court signed the draft order attached to Mr. LaBranche's motion seeking an *en banc* hearing, but struck through the language providing the hearing would be held *en banc.*

On April 24, 2023, a hearing was held on Mr. LaBranche's motions to disqualify Judge Conery and to recuse Judge Fields.[4] Mr. LaBranche did not appear at the hearing. On May 8, 2023, Judge Conery, *ad hoc*, signed a written judgment denying both motions.

On May 8, 2023, Mr. LaBranche filed a "Notice of Facial Constitutional Challenge, Under (La Rev Stat 13:4448) Article V Louisiana Constitution Sect. 23 Judges Retirement(B) [*sic*] Conflicting with Part G Sect. 5 Appointment of Ad Hoc Judges (La. R. Sup. Ct. 5)." In the filing, Mr. LaBranche argued La. Const. Art. V, § 23(B), which sets the mandatory retirement age of elected judges in Louisiana, is unconstitutional because it violates the Equal Protection and Due Process Clauses of the United States Constitution and the federal Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621, *et seq*. Mr. LaBranche did not assert how his constitutional claims were related to the underlying matter, but noted that the Louisiana Supreme Court appoints *ad hoc* judges over 70 years old to preside over certain matters or cases. Mr. LaBranche requested that the district court hold a hearing on his constitutional claims and issue injunctive relief to prohibit the enforcement of La. Const. Art. V, § 23(B).

On May 17, 2023, the Attorney General filed a motion for sanctions and a motion to strike, arguing the district court should strike all of Mr. LaBranche's filings following remand from this Court because Mr. LaBranche failed to file a proper pleading raising the unconstitutionality of La. C.C.P. arts. 927(5), 927(6), and 2593. The Attorney General argued that since this Court's remand, Mr. LaBranche had been "continually filing meritless pleadings that are unrelated to the constitutionality of La. C.C.P. articles 927(5), 927(6), and [2593]." The Attorney General also asserted that Mr. LaBranche made baseless accusations against the Attorney General and his staff. The Attorney General requested sanctions against Mr. LaBranche pursuant to La. C.C.P. art. 863.

The district court set all outstanding motions and filings for a hearing on September 25, 2023.[5] Mr. LaBranche failed to appear at the hearing. The Attorney

---

[4] The record indicates Mr. LaBranche's motion to disqualify Judge Conery was filed in the district court on May 10, 2023, but the motion was apparently heard by Judge Conery at the April 24, 2023 hearing.

[5] Specifically, the following filings were set for hearing on September 25, 2023: (1) "Notice of Facial Constitutional Challenge, Under (La Rev Stat 13: 4448) Article V Louisiana Constitution Sect. 23 Judges Retirement(B) [*sic*] Conflicting with Part G Sect. 5 Appointment of Ad Hoc Judges (La. R. Sup. Ct. 5)," filed by Mr. LaBranche on May 8, 2023 and May 10, 2023; (2) "Motion to Disqualify Judge Ad Hoc Honorable John E. Conery for Mandatory Retirement Age of 70 for All Judges, By La. Supreme Court 7-21-2020,

General requested that the district court dismiss Mr. LaBranche's case, and cast him with court costs due to his failure to attend the hearing. The district court granted the Attorney General's request, dismissed the case, and assessed all court costs to Mr. LaBranche.

On October 23, 2023, the district court signed a written judgment granting the Attorney General's motion for sanctions and motion to strike, dismissing Mr. LaBranche's demands with prejudice, and casting Mr. LaBranche with all costs of the district court proceedings. Mr. LaBranche now appeals.

## DISCUSSION

### Motion for Sanctions

Louisiana Code of Civil Procedure article 863, the provision cited by the Attorney General in his motion for sanctions, provides, in pertinent part:

> A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose physical address and email address for service of process shall be stated. A party who is not represented by an attorney shall sign his pleading and state his physical address and email address, if he has an email address, for service of process[.]
>
> B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:
>
> (1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.
>
> (2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.

---

Requested by AG Jeff Landry 'Clark Case,'" filed by Mr. LaBranche; (3) "Motion for Sanctions and Motion to Strike," filed by the Attorney General; (4) "(1) Motion to Compel AG Jeff Landry / Attorney Alicia Wheeler to Produce Cost Analysis on Proposed Judgement [*sic*] and (2) 'Opposition to Illegal (Exparte [*sic*] Communication Judgment)' Under Rule 9.5 and (3) Motion to Strike Above Judgment," filed by Mr. LaBranche; (5) "Motion to Strike Defendant AG Jeff Landry, 'Motion for Sanctions and Motion to Strike' Under 18 USC 1515 (A) (3) Fowarding all Pleading to FBI Headquarters $$ 21 Million Plus Up in Smoke[,]" filed by Mr. LaBranche; (6) "Notice of Delvolutive [*sic*] Appeal on Attached Judgment Signed on May 8, 2023 by Judge Conery," filed by Mr. LaBranche; (7) "Motion to Appoint Special Master, To Investigate AG Jeff Landry Russian Federation Involment [*sic*], with the Powers of a Federal Receiver, In Connection with Above and Accounting of 21 Million of United States Money RS 13:4165," filed by Mr. LaBranche; (8) "Motion to Set Hearing on Plaintiff's Request to Disqualify Assistant Attorney General Alicia Wheeler, to Strike the Plaintiff's Motion for Disqualification and to Impose Sanctions and Costs," filed by the Attorney General; (9) "1) Notice of Cease and Desist Violation Under Defamation of Character, Harassment, and Illegal Interference with the Process of a Statewide Election Defaming, Discredit LaBranche for Agriculture Commissioner Democrat. Notice of Cease and Desist Letter (Exhibit B) 2) Opposition to Attorney Carey T. Jones Ploy for F.B.I. Evidence, Motion to Set Hearing and Strike Disqualify Attorney Alicia Wheeler," filed by Mr. LaBranche.

(3) Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(4) Each denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

\* \* \*

D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.

E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.

\* \* \*

G. If the court imposes a sanction, it shall describe the conduct determined to constitute a violation of the provisions of this Article and explain the basis for the sanction imposed.

Accordingly, under La. C.C.P. art. 863, there is an affirmative duty imposed on attorneys and litigants to make an objectively reasonable inquiry into the facts and the law. **Landry v. Landry**, 2021-0337 (La. App. 1 Cir. 10/8/21), 331 So.3d 351, 356, writ denied, 2022-00044 (La. 3/2/22), 333 So.3d 835. As stated in La. C.C.P. art. 863(E), sanctions will not be imposed unless there is a hearing first. **Brown v. Sanders**, 2006-1171 (La. App. 1 Cir. 3/23/07), 960 So.2d 931, 934. Additionally, in order to impose sanctions, a trial court must first find that one of the affirmative duties imposed by La. C.C.P. art. 863(B) has been violated. La. C.C.P. art. 863(D). Louisiana Code of Civil Procedure article 863 is intended to be used only in exceptional circumstances; where there is even the slightest justification for the assertion of a legal right, sanctions are not warranted. **Fleming v. Spinnaker Ins. Co.**, 2021-1564 (La. App. 1st Cir. 6/3/22), 343 So.3d 200, 203. A trial court's determination regarding the imposition of sanctions is subject to the manifest error or clearly wrong standard of review. **Landry**, 331 So.3d at 356.

6

In the instant case, the record does not indicate that the district court made a determination that Mr. LaBranche violated one of the affirmative duties imposed by La. C.C.P. art. 863. Furthermore, the district court did not describe the conduct it found to constitute a violation of La. C.C.P. art. 863 or the basis for the sanction imposed, as required by La. C.C.P. art. 863(G). Accordingly, we find that the district court manifestly erred by granting the Attorney General's motion for sanctions, and we reverse the portion of the district court judgment granting the Attorney General's motion for sanctions.

**Motion to Strike**

Louisiana Code of Civil Procedure article 964, the provision cited by the Attorney General in support of his motion to strike, provides:

> The court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter.

Whether a motion to strike should be granted pursuant to Article 964 rests in the sound discretion of the trial court and is reviewed under the abuse of discretion standard. **Thurman v. Aguilar**, 2021-1513 (La. App. 1 Cir. 6/22/22), 343 So.3d 806, 813, writ denied, 2022-01109 (La. 11/1/22), 349 So.3d 8. Motions to strike are disfavored and infrequently granted. **Id**. A motion to strike is proper if it can be shown that the allegations being challenged are so unrelated to a plaintiff's claims as to be unworthy of any consideration and that their presence in the pleading would be prejudicial to the moving party. **Id**. A motion to strike is a means of clearing up the pleadings, not a means of eliminating causes of action or substantive allegations. **Id**.

As noted, La. C.C.P. art. 964 permits a court to strike from a pleading any insufficient demand after a hearing. The Attorney General's motion to strike sought dismissal of all Mr. LaBranche's pleadings following remand from this Court. In a separate motion filed on June 30, 2023, the Attorney General requested that the district court strike Mr. LaBranche's motion to disqualify Ms. Wheeler pursuant to La. C.C.P. art. 863 due to the "spurious and damaging allegations contained therein." However, the district court failed to specify the pleadings or allegations that were being stricken pursuant to the motions to strike. Accordingly, we find that the district court abused its discretion by

7

granting the Attorney General's motion to strike, and we reverse this portion of the district court's judgment.

## Dismissal of Mr. LaBranche's Case

As discussed, the district court set all pending matters, including all pending motions and documents filed by Mr. LaBranche, for a hearing on September 25, 2023. Mr. LaBranche failed to appear at the hearing. The Attorney General requested that the district court dismiss Mr. LaBranche's case and cast him with court costs due to his failure to appear. The district court stated that it would grant the Attorney General's request to dismiss the case and cast Mr. LaBranche with all court costs.

Louisiana Code of Civil Procedure article 1672(A)(1) provides:

> A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the court shall determine whether the judgment of dismissal shall be with or without prejudice.

A trial court has much discretion in determining whether a motion for dismissal should be granted. **Samanie & Barnes v. Lawler**, 619 So.2d 1166, 1169 (La. App. 1 Cir. 1993).[6]

Mr. LaBranche failed to appear at the September 25, 2023 hearing[7] and the Attorney General requested that Mr. LaBranche's case be dismissed. The district court granted the request, stating it would dismiss the case and cast Mr. LaBranche with costs of the proceedings. The district court later signed a written judgment granting the Attorney General's motion for sanctions and motion to strike, and dismissing Mr. LaBranche's demands with prejudice. Although we find the district court erred by granting the Attorney General's motion for sanctions and motion to strike, we find dismissal of Mr. LaBranche's case with prejudice was proper pursuant to La. C.C.P. art. 1672(A)(1). Furthermore, while Mr. LaBranche was granted permission to prosecute his writ of mandamus *in forma pauperis*, we find no error in the district court's decision to cast Mr. LaBranche with the costs of the district court proceedings. See La. C.C.P. art.

---

[6] Although La. C.C.P. art. 1672(A)(1) provides for dismissal when a plaintiff fails to appear for "trial," in **Samanie**, 619 So.2d at 1169, this Court affirmed dismissal of the defendant's proceeding to determine reimbursement for attorney fees after the defendant failed to attend the hearing scheduled on the matter. As noted, Mr. LaBranche's petition for writ of mandamus was previously dismissed with prejudice and all matters remaining in the proceeding below were set for hearing on September 25, 2023.

[7] In his appellate brief, Mr. LaBranche acknowledges he was aware of the September 25, 2023 hearing.

5186; **Herigodt v. Town of Golden Meadow**, 2020-0752 (La. App. 1 Cir. 2/22/21), 321 So.3d 1004, 1016, <u>writ denied</u>, 2021-00880 (La. 10/12/21), 325 So.3d 1070. Accordingly, we affirm the portion of the district court's judgment dismissing Mr. LaBranche's demands with prejudice and casting him with costs of the district court proceedings.

**Mr. LaBranche's Request for Remand**

In his brief on appeal, Mr. LaBranche requests that this Court remand the case back to the district court for an *en banc* hearing. Mr. LaBranche does not provide reasons or legal authority for his request. Mr. LaBranche asserts that the district court failed to hold a hearing on his "Notice of Constitutional Challenge 'La Rev Stat & 13: 4448' Constitutionality of Statute at Issue Cease and Desist all Judgments Until Opinion Issues According to Above Stat." following remand from this Court pursuant to **LaBranche**, 357 So.3d at 407.

As discussed, in **LaBranche**, this Court determined that Mr. LaBranche had failed to properly raise the unconstitutionality of La. C.C.P. arts. 927(5), 927(6), and 2593 in a pleading—a petition, exception, motion, or answer. This Court further explained that Mr. LaBranche's challenge to the constitutionality of La. C.C.P. arts. 927(5), 927(6), and 2593 was not set for a contradictory hearing, and the trial court did not rule on the issue of constitutionality. **LaBranche**, 357 So.3d at 406. Accordingly, this Court remanded this matter to the district court "to allow Mr. LaBranche to specially plead the unconstitutionality of La. C.C.P. arts. 927(5), 927(6), and 2593, and to give notice to the Attorney General." **LaBranche**, 357 So.3d at 407. Despite this Court's directive, Mr. LaBranche failed to file a pleading alleging particularized grounds for the unconstitutionality of La. C.C.P. arts. 927(5), 927(6), and 2593. As no such pleading was filed, the trial court did not err by failing to hold a contradictory hearing addressing the constitutionality of La. C.C.P. arts. 927(5), 927(6), and 2593.

Mr. LaBranche also argues the district court erred by failing to hold a hearing on his "Notice of Delvolutive [*sic*] Appeal on Attached Judgment Signed on May 8, 2023 by Judge Conery" and his "Notice of Facial Constitutional Challenge, Under (La Rev Stat 13: 4448) Article V Louisiana Constitution Sect. 23 Judges Retirement(B) [*sic*] Conflicting with

9

Part G Sect. 5 Appointment of Ad Hoc Judges (La. R. Sup. Ct. 5)." Mr. LaBranche requests that this Court remand this matter for an *en banc* hearing on his constitutional challenge to La. Const. Art. V, § 23(B). However, as noted, both of these filings were set for a contradictory hearing on September 25, 2023. Mr. LaBranche did not attend the hearing.[8] Accordingly, we find no merit to Mr. LaBranche's request for remand for an *en banc* hearing.

### Attorney General's Peremptory Exception Filed on Appeal

The Attorney General filed an exception of no cause of action with this Court directed to Mr. LaBranche's request that this Court remand this matter to the district court. The Attorney General notes that this Court affirmed the dismissal of Mr. Labranche's petition for writ of mandamus, and that the matter was previously remanded solely for Mr. Labranche to specifically plead the unconstitutionality of La. C.C.P. arts. 927(5), 927(6), and 2593, which he failed to do. Instead, the Attorney General maintains, Mr. Labranche proceeded to file "numerous frivolous filings, abusing the court's time and resources, harassing the [Attorney General], and unnecessarily delaying and increasing the costs of this litigation."

As we find no merit to Mr. LaBranche's request for remand and deny that request, we find the peremptory exception filed by the Attorney General is moot.

### CONCLUSION

For the foregoing reasons, the district court's October 23, 2023 judgment is reversed in part as to the portion of the judgment granting the Attorney General's motion for sanctions and motion to strike. The portion of the October 23, 2023 judgment dismissing Mr. LaBranche's demands with prejudice and casting Mr. LaBranche with costs

---

[8] Mr. LaBranche also appears to argue that Judge Conery, *ad hoc*, should not have ruled on Mr. LaBranche's motion to disqualify, but should have referred the motion to another judge for consideration. Mr. LaBranche's basis for his motion to disqualify Judge Conery is that he is over 70 years old, and therefore, his appointment as *ad hoc* judge was contrary to La. Const. Art. V, § 23(B). However, as Mr. LaBranche's motion seeking recusal of Judge Conery fails to set forth facts constituting a ground for recusal under La. C.C.P. art. 151, Judge Conery was not required to either recuse himself or make a written request to the Louisiana Supreme Court for the appointment of an *ad hoc* judge to consider the motion. See La. C.C.P. art. 154(B). We additionally note that Mr. LaBranche's motion to disqualify Judge Conery is without merit. La. Const. Art. V, § 23(B) provides in pertinent part that "a judge shall not remain in office beyond his seventieth birthday." Judges appointed *ad hoc* serve on a specific case or cases, unlike elected judges who serve multi-year terms. Thus, the *ad hoc* appointment of a retired judge to serve on a specific case or cases does not allow or require the *ad hoc* judge to "remain in office" as do elected judges. **Clark v. State**, 2020-00914 (La. 7/21/20), 347 So.3d 640, 642, n.1.

of the district court proceedings is affirmed. Costs of the appeal are assessed against Jamie LaBranche. <u>See</u> La. C.C.P. arts. 5186 and 5188; **Herigodt**, 321 So.3d at 1017.

**REVERSED IN PART AND AFFIRMED IN PART.**

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2023 CA 1358

**JAMIE LABRANCHE**

**VERSUS**

**LOUISIANA DEPARTMENT OF
JUSTICE A.G. JEFF LANDRY**

**PENZATO, J., concurring in part and dissenting in part.**

I concur with the majority that the portion of the judgment granting the motion for sanctions should be set aside as I believe that portion of the judgment should be vacated and remanded. See *Succession of Robinson*, 2023-0302 (La. App. 1st Cir. 2/21/24), 384 So.3d 380, 383-84.

I agree with the majority that the portion of the judgment granting the Attorney General's motion to strike should be reversed; however, I respectfully concur with the result only. The Attorney General's motion improperly sought to strike LaBranche's pleadings (praying "all of [LaBranche's] pleadings on remand be stricken from the record"), not portions of pleadings. The trial court did not specify what was stricken, but granted the relief prayed for by the Attorney General. Therefore, both the Attorney General and the trial court used La. C.C.P. art. 964 as a substitute for a motion to dismiss. See *State by & through Caldwell v. Teva Pharmaceuticals Industries, Ltd.*, 2017-0448 (La. App. 1st Cir. 2/8/18), 242 So.3d 597, 607 ("A motion to strike is not an authorized or proper way to procure the dismissal of a complaint or cause of action.")

Finally, I respectfully disagree with the majority's decision to affirm the dismissal of LaBranche's suit pursuant to La. C.C.P. art. 1672. First, I disagree with the majority that the Attorney General moved to dismiss LaBranche's suit under Article 1672. I also do not believe that Article 1672 applies in the current posture

of this case. The hearing in *Samanie & Barnes v. Lawler*, 619 So.2d 1166, 1169 (La. App. 1st Cir. 1993), cited by the majority, was held following remand from this court (wherein we considered the judgment on the merits of the concursus proceeding) for the trial court to determine the percentages of costs, including attorney fees, for which each party was responsible in the concursus proceeding. I find the posture of this case is distinguishable and, instead, find *Zavala v. St. Joe Brick Works, Inc.*, 2004-0065 (La. App. 1st Cir. 12/17/04), 897 So.2d 703, 704 and *Efferson v. Bargain Time, Inc.*, 93-2264 (La. App. 1st Cir. 6/23/95), 657 So.2d 750, 751 are applicable. Both cases state, "Although La. C.C.P. art. 1672 gives a court authority to dismiss an action for failure of a plaintiff to appear on the day set for trial, there is no similar provision applicable to pre-trial proceedings." The September hearing concerned the merits only to the extent the Attorney General improperly used the motion to strike to dismiss LaBranche's pleadings/suit.

2